Opinion filed June 18, 2015



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00206-CR
_____

## RAFAEL REYES, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 259th District Court**

**Jones County, Texas**

**Trial Court Cause No. 010822**

## O P I N I O N

The jury found Rafael Reyes guilty of the offense of evading arrest or detention while using a vehicle. The jury assessed punishment at confinement for three years and a $3,000 fine. The trial court sentenced Appellant accordingly. Appellant presents four issues on appeal. We affirm.

## I. *The Charged Offense*

The grand jury indicted Appellant for the offense of evading arrest or detention while using a vehicle. A person commits the offense of evading arrest or detention if he intentionally flees from a person he knows is a peace officer attempting to lawfully arrest or detain him. TEX. PENAL CODE ANN. § 38.04(a) (West Supp. 2014). This offense becomes a third-degree felony, punishable by imprisonment for any term between two and ten years and a fine not to exceed $10,000, if the person uses a vehicle while in flight. *Id.* § 12.34 (West 2011), § 38.04(b)(2)(A) (West Supp. 2014).

## II. *Evidence at Trial*

Randy Guerra, an officer with the Hamlin Police Department, testified he received a call from dispatch about a stolen vehicle. Officer Guerra went to 153 Northeast Avenue A and met with Dora Franco, Appellant's girlfriend. Officer Guerra said that Franco complained that Appellant had taken her car without her consent. Officer Guerra testified he had previously determined the car was registered in Franco's name. Officer Guerra left the residence in his patrol vehicle, a Tahoe, in pursuit of Franco's car and Appellant.

Officer Guerra, facing north at the corner of Northeast Third and Avenue E, saw Appellant in Franco's car, which was headed west "driving really slow." Appellant passed in front of Officer Guerra, and Officer Guerra "got right behind [Appellant] and . . . activated [his] emergency red and blue lights." Officer Guerra testified that Appellant "automatically . . . started gaining speed" and that, when he saw Appellant speed up, Officer Guerra turned on his siren.

Officer Guerra followed Appellant, who drove faster than the speed limit, and saw Appellant run a stop sign, turn left, and fishtail around a corner. Appellant drove one block, turned right, fishtailed again, drove less than a full block, and pulled under the carport at 153 Northeast Avenue A. When Appellant stopped, he exited the car,

2

faced Officer Guerra, put his hands in the air, and walked to the back of the car, where he turned to face the car and put his hands behind his back; Officer Guerra told Appellant to "get on the ground" repeatedly during this episode.

Officer Guerra said that the pursuit lasted for four to five blocks, which would take "pretty close" to a minute to drive if driving the speed limit. Officer Guerra testified that it was a sunny, bright, clear, cool morning; that little traffic was on the road; and that there was nothing that would impede Appellant's ability to see Officer Guerra's patrol vehicle driving behind Appellant with the siren and flashing lights activated. Officer Guerra also testified it is possible for someone to not see or hear him immediately when he turns on his flashing lights or siren.

Wayne Marshal, a resident of Hamlin, testified he saw Officer Guerra follow Appellant in a black Tahoe with red and blue flashing lights on but no siren. Marshal testified that Officer Guerra drove "maybe about half a car length" behind Appellant, that Appellant did not "act like he was in any hurry to go," and that Appellant did not "flick up dirt or fishtail" around any corners. Marshal witnessed this from a trailer house about a block away from Appellant's house. Marshal had hidden in the trailer because he had broken his parole for a sexual assault and "dope case." Marshal testified he did not see either vehicle before they drove in front of the trailer where he hid. Kenneth Link, a resident of Hamlin, testified that Officer Guerra drove a "black police suburban" and that Officer Guerra "is not truthful at all."

### III. *Issues Presented*

Appellant raises four issues on appeal. First, Appellant challenges the sufficiency of the evidence to support his conviction. Second, Appellant asserts that the trial court abused its discretion when it failed to hold a hearing on Appellant's motion for new trial. Third, Appellant argues his sentence was unauthorized by law because Section 38.04 of the Penal Code violates the Texas Constitution. Fourth, Appellant asserts his sentence was unauthorized by law and the doctrine of lenity.

IV. *Standard of Review*

We apply the sufficiency standard outlined in *Jackson* and its progeny for Appellant's sufficiency issue. *Jackson v. Virginia*, 443 U.S. 307, 318 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). We review all of the evidence introduced by both the State and Appellant in the light most favorable to the jury's verdict and decide whether any rational jury could have found each element of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319.

The trier of fact may believe all, some, or none of a witness's testimony because the factfinder is the sole judge of the weight and credibility of the witnesses. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986); *Isham v. State*, 258 S.W.3d 244, 248 (Tex. App.—Eastland 2008, pet. ref'd). We defer to the trier of fact's resolution of any conflicting inferences that the evidence raises and presume that the trier of fact resolved such conflicts in favor of the prosecution. *Jackson*, 443 U.S. at 319; *Brooks*, 323 S.W.3d at 899; *Fuentes v. State*, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999) (citing *Turro v. State*, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993)).

We review a trial court's denial of a hearing on a motion for new trial for an abuse of discretion; we only reverse if the decision to deny a hearing was so clearly wrong as to lie outside the zone of reasonable disagreement. *Smith v. State*, 286 S.W.3d 333, 339 (Tex. Crim. App. 2009). The purposes of a hearing on a motion for new trial are (1) to determine whether the case should be retried and (2) to prepare a record for presenting issues on appeal if the trial court denies the motion. *Id.* at 338. A hearing on a motion for new trial is not an absolute right. *Id.* A hearing is not required when the matters raised in the motion for new trial are subject to being determined from the record. *Id.* However, a trial court abuses its discretion by failing to hold a hearing if the motion and accompanying affidavits (1) raise matters that are not determinable from the record and (2) establish reasonable grounds

4

showing the defendant could potentially be entitled to relief. *Hobbs v. State*, 298 S.W.3d 193, 199 (Tex. Crim. App. 2009).

V. <em>Analysis</em>

*A. Issue One: Sufficiency*

Appellant complains the evidence was insufficient to support his conviction because Officer Guerra's pursuit lasted less than a minute, because inconsistencies existed in the testimony, and because Officer Guerra testified it was possible for someone to not see his flashing lights or hear his siren. Appellant cites to *Griego* and *Redwine* to illustrate that the evidence is insufficient. *See Griego v. State*, 345 S.W.3d 742, 754 (Tex. App.—Amarillo 2011, no pet.); *Redwine v. State*, 305 S.W.3d 360, 368 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd). Both *Griego* and *Redwine* are distinguishable.

In *Griego*, the court held the evidence was insufficient because the testimony did not indicate that the appellant saw or should have been able to see the officers turn around to pursue him, the officers did not approach closer than a couple of car lengths behind the appellant, and the officers were not directly visible to the appellant for the entire length of the pursuit, such that the appellant would not have known the officers were trying to arrest or detain him. *Griego*, 345 S.W.3d at 751–54. Inferring the appellant's mental state from his actions during and after the incident, the court noted, "[e]vidence that [the] appellant got out of his car and, instead of running or hiding, began walking toward the residence while carrying a beer also indicates that he did not know officers were attempting to arrest or detain him." *Id.* at 753. Similarly, in *Redwine*, the court held the evidence was insufficient because overwhelming evidence showed that the officer did not turn on the emergency lights until after the appellant had exited his vehicle, so the appellant could not have known the officer was attempting to arrest or detain him while he drove. *Redwine*, 305 S.W.3d at 364–68.

Here, Officer Guerra pursued Appellant based on Franco's complaint. Officer Guerra followed close behind Appellant for almost five blocks with his flashing lights and siren activated. Appellant accelerated when Officer Guerra turned on his flashing lights, and Appellant subsequently ran a stop sign. Officer Guerra testified that nothing impeded Appellant's ability to see him following Appellant, and no evidence existed in the record that Appellant did not see or hear Officer Guerra following him. Additionally, upon exiting the vehicle, Appellant put his hands up and subsequently turned around to be handcuffed. Appellant's actions and the surrounding circumstances sufficiently proved that Appellant intentionally fled in a vehicle from Officer Guerra, who he knew was attempting to lawfully arrest or detain him. *See Jackson*, 443 U.S. at 319; *Griego*, 345 S.W.3d at 753–54. We overrule Appellant's first issue.

*B. Issue Two: Motion for New Trial*

Appellant asserts that new GPS information from Officer Guerra's patrol vehicle entitled him to a hearing on his motion for new trial. Appellant would be entitled to a new trial if the new evidence was not merely cumulative or impeaching. *See Boyett v. State*, 692 S.W.2d 512, 516 (Tex. Crim. App. 1985). Officer Guerra testified as to his location when he first saw Appellant in Franco's car and as to when and where he followed Appellant. Marshal testified he saw Officer Guerra close behind Appellant, notably along the same path to which Officer Guerra testified, about a block before Appellant parked the car. Officer Guerra's location is determinable from the record, and the GPS information could not establish reasonable grounds for potential relief because it was merely cumulative or impeaching. *See Hobbs*, 298 S.W.3d at 199; *Boyett*, 692 S.W.2d at 516. The trial court did not abuse its discretion when it declined to hold a hearing on Appellant's motion for new trial. *See Smith*, 286 S.W.3d at 339. We overrule Appellant's second issue.

*C. Issues Three and Four: Punishment*

Appellant complains of his punishment in his third and fourth issues. In his third issue, Appellant argues that Section 38.04 of the Penal Code was amended in violation of the "single-subject" requirement of the Texas Constitution and that, therefore, his sentence was unauthorized by law. In his fourth issue, Appellant asserts that the rule of lenity and conflicting amendments to Section 38.04 require that his offense be punished as a state jail felony instead of a third-degree felony.

*1. "Single-Subject" Requirement*

Appellant argues that 2011 Texas Senate Bill 1416, which amended Section 38.04, is unconstitutional because it fails to conform to the "single-subject" requirement of Section 35 of Article III of the Texas Constitution. TEX. CONST. art. III, § 35. Appellant contends that evading arrest or detention in a vehicle remains a state jail felony and that his punishment under Senate Bill 1416's amendment to Section 38.04 of the Penal Code was unauthorized. The Court of Criminal Appeals recently ruled on this issue and held that Senate Bill 1416 does not violate the "single-subject" requirement of the Texas Constitution. *See Ex parte Jones*, 440 S.W.3d 628, 637 (Tex. Crim. App. 2014); *see also Wise v. State*, No. 11-13-00005-CR, 2014 WL 2810097, at *3–4 (Tex. App.—Eastland June 19, 2014, pet. ref'd) (mem. op., not designated for publication) (relying on *Jones*). We overrule Appellant's third issue.

*2. Conflicting Amendments and Rule of Lenity*

Appellant argues that a clear conflict exists between the 2011 amendments to Section 38.04 of the Texas Penal Code, as set forth in Texas Senate Bill 1416 and Texas House Bill 3423. Based on this conflict, Appellant contends that Section 311.031(b) of the Texas Government Code requires the application of House Bill 3423 in this case. *See* TEX. GOV'T CODE ANN. § 311.031(b) (West 2013).

7

As we have recently explained in a similar case, Appellant's reliance on Section 311.031(b) is misplaced, and the applicable provision is Section 311.025(b) of the Government Code because no recent amendment to Section 38.04 of the Texas Penal Code reduced the punishment for the offense of evading arrest. *See id.* §§ 311.031(b), 311.025(b); PENAL § 38.04; *Wise*, 2014 WL 2810097, at *4–5 (harmonizing Senate Bill 1416 with House Bill 3423 and Senate Bill 496 under Government Code Section 311.025(b) and holding that the defendant was properly sentenced for a third-degree felony offense). Appellant was properly sentenced under Senate Bill 1416's amendment to Section 38.04 of the Texas Penal Code.

Criminal statutes within the Penal Code do not require strict construction. PENAL § 1.05(a) (West 2011); *State v. Rhine*, 297 S.W.3d 301, 309 (Tex. Crim. App. 2009). The rule of lenity ensures fair warning of what activities are criminally punishable by resolving ambiguity in a criminal statute to apply only to conduct clearly covered. *United States v. Lanier*, 520 U.S. 259, 266 (1997). This rule only applies where a statute is ambiguous. *Cuellar v. State*, 70 S.W.3d 815, 819 n.6 (Tex. Crim. App. 2002). Relying on the holding of the Court of Criminal Appeals in *Jones* and our analysis in *Wise*, we conclude that Section 38.04 is not ambiguous. *See Jones*, 440 S.W.3d at 637; *Wise*, 2014 WL 2810097, at *4–5. Therefore, the trial court did not err when it sentenced Appellant within the range for a third-degree felony. *See Jones*, 440 S.W.3d at 637. We note that the Court of Criminal Appeals held in *Jones* that a violation identical to Appellant's is properly punished as a third-degree felony. *See Jones*, 440 S.W.3d at 629–30 (holding offense of evading arrest with a motor vehicle for first-time offenders is punishable as a third-degree felony). We overrule Appellant's fourth issue.

## VI. *Conclusion*

After a review of the record in the light most favorable to the verdict, we hold the evidence was sufficient to support Appellant's conviction. *See Jackson*, 443 U.S. at 319. We also hold that the trial court did not abuse its discretion when it did not hold a hearing on Appellant's motion for new trial. *See Hobbs*, 298 S.W.3d at 199; *Smith*, 286 S.W.3d at 339. We further hold that Appellant's sentence was authorized by law and that the trial court did not err when it sentenced Appellant for a third-degree felony in accordance with Section 38.04 of the Penal Code. *See Jones*, 440 S.W.3d at 637.

## VII. *This Court's Ruling*

We affirm the judgment of the trial court.


MIKE WILLSON

JUSTICE


June 18, 2015

Publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.