PD-1020-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 8/7/2015 11:15:01 AM
Accepted 8/11/2015 1:42:52 PM
ABEL ACOSTA
CLERK

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS
## AUSTIN, TEXAS

RAFAEL REYES,
    APPELLANT

NO. _____

(COURT OF APPEALS NO. 11-13-00206-CR; TRIAL COURT NO. 010822)

STATE OF TEXAS,
    APPELLEE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PETITION FOR DISCRETIONARY REVIEW
FROM THE COURT OF APPEALS
ELEVENTH JUDICIAL DISTRICT
EASTLAND, TEXAS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CHIEF JUSTICE JIM R. WRIGHT, PRESIDING

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

STAN BROWN
P.O. BOX 3122
ABILENE, TEXAS 79604
325-677-1851
FAX 325-677-3107
STATE BAR NO. 03145000
EMAIL: mstrb@aol.com

ATTORNEY FOR APPELLANT

FILED IN
COURT OF CRIMINAL APPEALS

August 11, 2015

ABEL ACOSTA, CLERK

IN THE COURT OF CRIMINAL APPEALS OF TEXAS
AUSTIN, TEXAS

RAFAEL REYES,
APPELLANT

NO. _____
(COURT OF APPEALS NO. 11-13-00206-
CR; TRIAL COURT NO. 010822)

STATE OF TEXAS,
APPELLEE

## IDENTITY OF JUDGE, PARTIES, AND COUNSEL

Hon. Brooks Hagler
259th District Court
Jones County Courthouse
Abilene, TX 79501

Stan Brown
Appellant's Attorney/ Appeal
P.O. Box 3122
Abilene, TX 79604

Chad Cowan
County Attorney
Jones County Courthouse
Anson, TX 79501

Jacob Blizzard
Appellant's Attorney/Trial
702-C Hickory
Abilene, TX 79601

Ms. Lisa McMinn
State Prosecuting Attorney
P.O. Box 13046
Austin, TX 78711

Rafael Reyes, Appellant
153 NE Ave. A
Hamlin, TX 79520

# TABLE OF CONTENTS

**SUBJECT**                                                                 **PAGE**

IDENTITY OF JUDGE, PARTIES, AND COUNSEL............................ii

STATEMENT REGARDING ORAL ARGUMENT.............................v

STATEMENT OF THE CASE................................................................1

STATEMENT OF PROCEDURAL HISTORY.......................................2

## QUESTION PRESENTED FOR REVIEW

Did the Court of Appeals fail to address our argument that two competing statutes created an ambiguity requiring a resort to the rule of lenity? (C.R. at 49)(IV R.R. at 12-18)(Appendix)...................................................................3

ARGUMENT...........................................................................................3

PRAYER FOR RELIEF..........................................................................8

CERTIFICATE OF SERVICE.................................................................8

CERTIFICATE OF COMPLIANCE.........................................................9

# INDEX OF AUTHORITIES

**CASES**                                                                    **PAGE**

*Burrage v. United States*, 134 S.Ct. 881, 891 (2014)..........................3-4

*Cleveland v. United States*, 531 U.S. 12, 121 S.Ct. 365, 148 L.Ed.2d 221 (2000).................................................................................5

*Cuellar v. State*, 70 S.W.3d 815 (Tex. Crim. App. 2002).......................5

*Kasten v. Saint-Gobain Performance Plastics Corporation*, 131 S.Ct. 1325 (2011)..................................................................................6

*Moskal v. United States*, 498 U.S. 103, 111 S.Ct. 461, 112 L.Ed.2d 449 (1990)..................................................................................4

*Skilling v. United States*, 561 U.S. 358, 130 S.Ct. 2896, 177 L.Ed.2d 619 (2010)................................................................................6-7

*Yates v. United States*, 135 S.Ct. 1074 (2015)...............................4-5


**STATUTES, RULES, & LITERARY REFERENCES**                        **PAGE**

 TEX. PEN. CODE ANN. §12.35(a)................................................7

TEX. PEN. CODE ANN. §38.04...................................................7

TEX. GOV'T CODE ANN. §311.031(b)...........................................7

Tex. R. App. P. 9.4..........................................................9

Tex. R. App. P. 66.3(c)......................................................3

Shakespeare, *The Merchant of Venice*..........................................7

## STATEMENT REGARDING ORAL ARGUMENT

Appellant believes the QUESTION PRESENTED; whether the rule of lenity should apply to the conflicting amendments regarding two different punishment ranges for evading arrest in a vehicle is an issue that merits further clarification for the Bench and Bar. Therefore, the usual give and take of oral argument would be useful for the Court in determining the scope of the rule of lenity. Oral argument is essential in order to aid this Court's decisional processes by providing a more in-depth exploration of that issue.

## IN THE COURT OF CRIMINAL APPEALS OF TEXAS
## AUSTIN, TEXAS

RAFAEL REYES,
APPELLANT

NO. _____
(COURT OF APPEALS NO. 11-13-00206-
CR; TRIAL COURT NO. 010822)

STATE OF TEXAS,
APPELLEE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PETITION FOR DISCRETIONARY REVIEW
FROM THE COURT OF APPEALS
ELEVENTH JUDICIAL DISTRICT
EASTLAND, TEXAS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### STATEMENT OF THE CASE

The indictment alleged Appellant evaded arrest by Randy Guerra, a person he knew was a peace officer who was attempting to lawfully arrest or detain him, with a vehicle. (C.R. at 10). On June 24, 2013, the jury trial began upon a plea of Not Guilty. (IV R.R. at 152). The jury found Appellant guilty, assessed his punishment at three years TDCJ-ID, and the trial court sentenced him accordingly on June 26, 2013. (C.R. at 49). Appellant's motion for new trial was filed July 15, 2013, and was overruled by operation of law September 9, 2013. (C.R. at 52). Notice of Appeal was timely filed September 16, 2013. (C.R. at 69). The Trial Court's Certification of Right to Appeal was timely filed. (C.R. at 64). Appellant seeks review of the decision of the Court of Appeals that affirmed the conviction.

## STATEMENT OF PROCEDURAL HISTORY

Appellant presented four issues in his brief, and the Eastland Court of Appeals affirmed, *Reyes v. State*, _____ S.W.3d _____ 2015 WL 3799301 (Tex. App.-Eastland June 18, 2015). Appellant filed a motion for rehearing June 30, 2015, which was denied without written opinion July 17, 2015. This petition is due to be filed by August 17, 2015; it is therefore timely filed.

## QUESTION PRESENTED FOR REVIEW

Did the Court of Appeals fail to address our argument that two competing statutes created an ambiguity requiring a resort to the rule of lenity? (C.R. at 49)(IV R.R. at 12-18)(Appendix).

## ARGUMENT

We must respectfully submit the court below failed to properly consider our argument the existence of two competing statutes, with two very different punishment ranges for evading in a vehicle, by their very existence at the same time, amounted to the sort of ambiguity that calls for application of the rule of lenity. Instead, the court below concluded, "The rule of lenity ensures fair warning of what activities are criminally punishable by resolving ambiguity in a criminal statute to apply only to conduct clearly covered...This rule only applies where a statute is ambiguous...we conclude that Section 38.04 is not ambiguous." (Citations omitted). Slip Op at 8. By that statement, the court below decided an important question of state and federal law that conflicts with the following applicable decisions of this Court and the Supreme Court of the United States. Tex. R. App. P. 66.3(c).

*See generally*, *Burrage v. United States*, 134 S.Ct. 881, 891 (2014):

We decline to adopt the Government's permissive interpretation of § 841(b)(1). The language Congress enacted requires death to "result from" use of the unlawfully distributed drug, not from a combination of factors to which drug use merely contributed. Congress could have written § 841(b)(1)(C) to impose a mandatory minimum when the underlying crime "contributes to" death or serious bodily injury, or adopted a modified causation test tailored to cases involving concurrent

3

causes, as five States have done, see Ala.Code § 13A–2–5(a) (2005); Ark.Code Ann. § 5–2–205 (2006); Me.Rev.Stat. Ann., Tit. 17–A, § 33 (2006); N.D. Cent. Code Ann. § 12.1–02–05 (Lexis 2012); Tex. Penal Code Ann. § 6.04 (West 2011). It chose instead to use language that imports but-for causality. Especially in the interpretation of a criminal statute subject to the rule of lenity, see *Moskal v. United States,* 498 U.S. 103, 107–108, 111 S.Ct. 461, 112 L.Ed.2d 449 (1990),[1] we cannot give the text a meaning that is different from its ordinary, accepted meaning, and that disfavors the defendant.

And as recent as earlier this year, the Supreme Court of the United States has again made plain an ambiguous situation mandates resort to the rule of lenity. *See, Yates v. United States,* 135 S.Ct. 1074, 1081-1082 (2015): "Whether a statutory term is unambiguous, however, does not turn solely on dictionary definitions of its component words. Rather, '[t]he plainness or ambiguity of statutory language is determined [not only] by reference to the language itself, [but as well by] the *specific context* in which that language is used, and the broader context of the statute as a whole.' *Robinson v. Shell Oil Co.,* 519 U.S. 337, 341, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997). See also *Deal v. United States,* 508 U.S. 129, 132, 113 S.Ct. 1993, 124 L.Ed.2d 44 (1993) (it is a 'fundamental principle of statutory construction (and, indeed, of language itself) that the meaning of a word cannot be determined in isolation, but must be drawn from the context in which it is used'). Ordinarily, a word's usage accords with its dictionary definition. In law as in

---

[1] *Moskal v. United States,* 498 U.S. 103, 108, 111 S.Ct. 461, 465, 112 L.Ed.2d 449 (1990), "we have always reserved lenity for those situations in which a reasonable doubt persists about a statute's intended scope even *after* resort to "the language and structure, legislative history, and motivating policies" of the statute."

4

life, however, the same words, placed in different contexts, sometimes mean different things."[2] (Emphasis supplied).

*Cuellar v. State*, 70 S.W.3d 815 (Tex. Crim. App. 2002) is a classic example of this Court's respect for the rule of lenity. The appellant had been on felony probation for possession of heroin. After he successfully served the entire five-year period of probation to which he had been sentenced, the trial court entered an order discharging him from probation which included the following language: "the judgment of conviction...is hereby set aside and the indictment...is hereby dismissed." Some fifteen years later, the appellant was charged and convicted of the offense of unlawful possession of a firearm by a felon, based solely on the conviction that had been set aside. The Fourth Court of Appeals reversed, and on review, this Court affirmed the Fourth Court's reversal. "I join the majority opinion. I write this concurrence only to provide an additional reason that a person whose felony conviction has been set aside and the indictment against him dismissed is not prohibited from possessing a hunting rifle. In this situation, the Rule of Lenity requires this Court to adopt the less harsh interpretation of penal statutes." *Id.* at 821 (Cochran, J., *concurring*).

---

[2] *See also*, *Cleveland v. United States*, 531 U.S. 12, 25, 121 S.Ct. 365, 148 L.Ed.2d 221 (2000): "Moreover, to the extent that the word 'property' is ambiguous as placed in § 1341, we have instructed that 'ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity.' *Rewis v. United States*, 401 U.S. 808, 812, 91 S.Ct. 1056, 28 L.Ed.2d 493 (1971). This interpretive guide is especially appropriate in construing § 1341 because, as this case demonstrates, mail fraud is a predicate offense under RICO, 18 U.S.C. § 1961(1) (1994 ed., Supp. IV), and the money laundering statute, § 1956(c)(7)(A). In deciding what is 'property' under § 1341, we think 'it is appropriate, before we choose the harsher alternative, to require that Congress should have spoken in language that is clear and definite.' *United States v. Universal C.I.T. Credit Corp.*, 344 U.S. 218, 222, 73 S.Ct. 227, 97 L.Ed. 260 (1952)."

5

*See also, Kasten v. Saint-Gobain Performance Plastics Corporation,*

131 S.Ct. 1325 (2011):

> Finally, we note that Saint–Gobain invokes the "rule of lenity" in support of its "written complaint" interpretation. That rule applies primarily to the interpretation of criminal statutes. It leads us to favor a more lenient interpretation of a criminal statute "when, after consulting traditional canons of statutory construction, we are left with an ambiguous statute."...We agree with Saint–Gobain that those who violate the antiretaliation provision before us are subject to criminal sanction, 29 U.S.C. § 216(a). And we have said that the rule of lenity can apply when a statute with criminal sanctions is applied in a noncriminal context...But after engaging in traditional methods of statutory interpretation, we cannot find that the statute remains sufficiently ambiguous to warrant application of the rule of lenity here. Id. at 1336. (Citations omitted).

Furthermore, Justice Ginsburg makes it clear beyond dispute in *Skilling v. United States*, 561 U.S. 358, 130 S.Ct. 2896, 177 L.Ed.2d 619 (2010) the rule of lenity should apply here.[3] The conflicting amendments regarding punishment for evading arrest with a vehicle are a classic scenario for lenity in this case.

---

[3] "Further dispelling doubt on this point is the familiar principle that 'ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity.' *Cleveland,* 531 U.S., at 25, 121 S.Ct. 365 (quoting *Rewis v. United States,* 401 U.S. 808, 812, 91 S.Ct. 1056, 28 L.Ed.2d 493 (1971)). 'This interpretive guide is especially appropriate in construing [§ 1346] because ... mail [and wire] fraud [are] predicate offense[s] under [the Racketeer Influenced and Corrupt Organizations Act], 18 U.S.C. § 1961(1) (1994 ed., Supp. IV), and the money laundering statute, § 1956(c)(7)(A).' *Cleveland,* 531 U.S., at 25, 121 S.Ct. 365. Holding that honest-services fraud does not encompass conduct more wide-ranging than the paradigmatic cases of bribes and kickbacks, we resist the Government's less constrained construction absent Congress' clear instruction otherwise. *E.g., United States v. Universal C.I.T. Credit Corp.,* 344 U.S. 218, 221–222, 73 S.Ct. 227, 97 L.Ed. 260 (1952).

In sum, our construction of § 1346 'establish[es] a uniform national standard, define[s] honest services with clarity, reach[es] only seriously culpable conduct, and accomplish[es] Congress's goal of 'overruling' *McNally*.' Brief for Albert W. Alschuler as *Amicus Curiae* in *Weyhrauch v. United States,* O.T.2009, No. 08–1196, pp. 28–29. 'If

Against that constitutional backdrop, it is seen there is clearly a conflict between the amendments to TEX. PEN. CODE ANN. §38.04, by Senate Bill 1416 and House Bill 3423, regarding punishment for evading arrest in a vehicle that were set out in the APPENDIX of Appellant's Brief. While the latter continues evading in a vehicle as a State Jail Felony, the former increases the punishment for that particular mode of evading to Third Degree Felony. Plainly, TEX. GOV'T CODE ANN. §311.031(b) and the rule of lenity require the application of the House Bill 3423 amendment that continues evading in a vehicle as a State Jail Felony to apply to Appellant.[4] Review should be granted in order that this Court may provide the Bench and Bar with additional guidance concerning the rule of lenity, and following that review, this cause should be remanded to the trial court for a new punishment hearing and sentencing in accordance with TEX. PEN. CODE ANN. §12.35(a) for a State Jail Felony.

---

Congress desires to go further," we reiterate, "it must speak more clearly than it has.' *McNally*, 483 U.S., at 360, 107 S.Ct. 2875." *Id*. at 130 S.Ct. 2932-2933.

[4] "The quality of mercy is not strained; It droppeth as the gentle rain from heaven Upon the place beneath. It is twice blessed--It blesseth him that gives, and him that takes: 'Tis mightiest in the mightiest: it becomes The throned monarch better than his crown; His scepter shows the force of temporal power, The attribute to awe and majesty, Wherein doth sit the dread and fear of kings, It is an attribute to God himself; And earthly power doth then show likest God's When mercy seasons justice." Shakespeare, *The Merchant of Venice*, Act IV, i.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully prays that this Court grant discretionary review and oral argument and, after full briefing on the merits, issue an opinion reversing and remanding this cause for a new punishment proceeding that shall consider State Jail Felony punishment.

Respectfully submitted,

/s/ Stan Brown
STAN BROWN
P.O. BOX 3122
ABILENE, TEXAS 79604
325-677-1851
FAX 325-677-3107
STATE BAR NO. 03145000
EMAIL: mstrb@aol.com
ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE

I hereby certify that on this ____ 6th ____ day of August, 2015, a true and correct copy of the above and foregoing Petition for Discretionary Review was emailed to Mr. Joe Edd Boaz, District Attorney, P.O. Box 507, Anson, TX 79501 at laura.davis@co.jones.tx.us; and to Ms. Lisa McMinn, State Prosecuting Attorney, at information@spa.texas.gov.

/S/ Stan Brown
STAN BROWN

# CERTIFICATE OF COMPLIANCE

I hereby certify that according to my computer program used to prepare the foregoing document, the word count, in accordance with Tex. R. App. P. 9.4, is    1687  words; and further certify that the brief is in Times 14-point type, except for footnotes which are Times 12-point type.

/S/ Stan Brown

STAN BROWN

# APPENDIX



In The

# Eleventh Court of Appeals

_____

No. 11-13-00206-CR

_____

## RAFAEL REYES, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 259th District Court**

**Jones County, Texas**

**Trial Court Cause No. 010822**

## OPINION

The jury found Rafael Reyes guilty of the offense of evading arrest or detention while using a vehicle. The jury assessed punishment at confinement for three years and a $3,000 fine. The trial court sentenced Appellant accordingly. Appellant presents four issues on appeal. We affirm.

## I. *The Charged Offense*

The grand jury indicted Appellant for the offense of evading arrest or detention while using a vehicle. A person commits the offense of evading arrest or detention if he intentionally flees from a person he knows is a peace officer attempting to lawfully arrest or detain him. TEX. PENAL CODE ANN. § 38.04(a) (West Supp. 2014). This offense becomes a third-degree felony, punishable by imprisonment for any term between two and ten years and a fine not to exceed $10,000, if the person uses a vehicle while in flight. *Id*. § 12.34 (West 2011), § 38.04(b)(2)(A) (West Supp. 2014).

## II. *Evidence at Trial*

Randy Guerra, an officer with the Hamlin Police Department, testified he received a call from dispatch about a stolen vehicle. Officer Guerra went to 153 Northeast Avenue A and met with Dora Franco, Appellant's girlfriend. Officer Guerra said that Franco complained that Appellant had taken her car without her consent. Officer Guerra testified he had previously determined the car was registered in Franco's name. Officer Guerra left the residence in his patrol vehicle, a Tahoe, in pursuit of Franco's car and Appellant.

Officer Guerra, facing north at the corner of Northeast Third and Avenue E, saw Appellant in Franco's car, which was headed west "driving really slow." Appellant passed in front of Officer Guerra, and Officer Guerra "got right behind [Appellant] and . . . activated [his] emergency red and blue lights." Officer Guerra testified that Appellant "automatically . . . started gaining speed" and that, when he saw Appellant speed up, Officer Guerra turned on his siren.

Officer Guerra followed Appellant, who drove faster than the speed limit, and saw Appellant run a stop sign, turn left, and fishtail around a corner. Appellant drove one block, turned right, fishtailed again, drove less than a full block, and pulled under the carport at 153 Northeast Avenue A. When Appellant stopped, he exited the car,

2

faced Officer Guerra, put his hands in the air, and walked to the back of the car, where he turned to face the car and put his hands behind his back; Officer Guerra told Appellant to "get on the ground" repeatedly during this episode.

Officer Guerra said that the pursuit lasted for four to five blocks, which would take "pretty close" to a minute to drive if driving the speed limit. Officer Guerra testified that it was a sunny, bright, clear, cool morning; that little traffic was on the road; and that there was nothing that would impede Appellant's ability to see Officer Guerra's patrol vehicle driving behind Appellant with the siren and flashing lights activated. Officer Guerra also testified it is possible for someone to not see or hear him immediately when he turns on his flashing lights or siren.

Wayne Marshal, a resident of Hamlin, testified he saw Officer Guerra follow Appellant in a black Tahoe with red and blue flashing lights on but no siren. Marshal testified that Officer Guerra drove "maybe about half a car length" behind Appellant, that Appellant did not "act like he was in any hurry to go," and that Appellant did not "flick up dirt or fishtail" around any corners. Marshal witnessed this from a trailer house about a block away from Appellant's house. Marshal had hidden in the trailer because he had broken his parole for a sexual assault and "dope case." Marshal testified he did not see either vehicle before they drove in front of the trailer where he hid. Kenneth Link, a resident of Hamlin, testified that Officer Guerra drove a "black police suburban" and that Officer Guerra "is not truthful at all."

### III. *Issues Presented*

Appellant raises four issues on appeal. First, Appellant challenges the sufficiency of the evidence to support his conviction. Second, Appellant asserts that the trial court abused its discretion when it failed to hold a hearing on Appellant's motion for new trial. Third, Appellant argues his sentence was unauthorized by law because Section 38.04 of the Penal Code violates the Texas Constitution. Fourth, Appellant asserts his sentence was unauthorized by law and the doctrine of lenity.

3

## IV. *Standard of Review*

We apply the sufficiency standard outlined in *Jackson* and its progeny for Appellant's sufficiency issue. *Jackson v. Virginia*, 443 U.S. 307, 318 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). We review all of the evidence introduced by both the State and Appellant in the light most favorable to the jury's verdict and decide whether any rational jury could have found each element of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319.

The trier of fact may believe all, some, or none of a witness's testimony because the factfinder is the sole judge of the weight and credibility of the witnesses. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986); *Isham v. State*, 258 S.W.3d 244, 248 (Tex. App.—Eastland 2008, pet. ref'd). We defer to the trier of fact's resolution of any conflicting inferences that the evidence raises and presume that the trier of fact resolved such conflicts in favor of the prosecution. *Jackson*, 443 U.S. at 319; *Brooks*, 323 S.W.3d at 899; *Fuentes v. State*, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999) (citing *Turro v. State*, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993)).

We review a trial court's denial of a hearing on a motion for new trial for an abuse of discretion; we only reverse if the decision to deny a hearing was so clearly wrong as to lie outside the zone of reasonable disagreement. *Smith v. State*, 286 S.W.3d 333, 339 (Tex. Crim. App. 2009). The purposes of a hearing on a motion for new trial are (1) to determine whether the case should be retried and (2) to prepare a record for presenting issues on appeal if the trial court denies the motion. *Id.* at 338. A hearing on a motion for new trial is not an absolute right. *Id.* A hearing is not required when the matters raised in the motion for new trial are subject to being determined from the record. *Id.* However, a trial court abuses its discretion by failing to hold a hearing if the motion and accompanying affidavits (1) raise matters that are not determinable from the record and (2) establish reasonable grounds

4

showing the defendant could potentially be entitled to relief. *Hobbs v. State*, 298 S.W.3d 193, 199 (Tex. Crim. App. 2009).

## V. *Analysis*

### A. *Issue One: Sufficiency*

Appellant complains the evidence was insufficient to support his conviction because Officer Guerra's pursuit lasted less than a minute, because inconsistencies existed in the testimony, and because Officer Guerra testified it was possible for someone to not see his flashing lights or hear his siren. Appellant cites to *Griego* and *Redwine* to illustrate that the evidence is insufficient. *See Griego v. State*, 345 S.W.3d 742, 754 (Tex. App.—Amarillo 2011, no pet.); *Redwine v. State*, 305 S.W.3d 360, 368 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd). Both *Griego* and *Redwine* are distinguishable.

In *Griego*, the court held the evidence was insufficient because the testimony did not indicate that the appellant saw or should have been able to see the officers turn around to pursue him, the officers did not approach closer than a couple of car lengths behind the appellant, and the officers were not directly visible to the appellant for the entire length of the pursuit, such that the appellant would not have known the officers were trying to arrest or detain him. *Griego*, 345 S.W.3d at 751–54. Inferring the appellant's mental state from his actions during and after the incident, the court noted, "[e]vidence that [the] appellant got out of his car and, instead of running or hiding, began walking toward the residence while carrying a beer also indicates that he did not know officers were attempting to arrest or detain him." *Id.* at 753. Similarly, in *Redwine*, the court held the evidence was insufficient because overwhelming evidence showed that the officer did not turn on the emergency lights until after the appellant had exited his vehicle, so the appellant could not have known the officer was attempting to arrest or detain him while he drove. *Redwine*, 305 S.W.3d at 364–68.

5

Here, Officer Guerra pursued Appellant based on Franco's complaint. Officer Guerra followed close behind Appellant for almost five blocks with his flashing lights and siren activated. Appellant accelerated when Officer Guerra turned on his flashing lights, and Appellant subsequently ran a stop sign. Officer Guerra testified that nothing impeded Appellant's ability to see him following Appellant, and no evidence existed in the record that Appellant did not see or hear Officer Guerra following him. Additionally, upon exiting the vehicle, Appellant put his hands up and subsequently turned around to be handcuffed. Appellant's actions and the surrounding circumstances sufficiently proved that Appellant intentionally fled in a vehicle from Officer Guerra, who he knew was attempting to lawfully arrest or detain him. *See Jackson*, 443 U.S. at 319; *Griego*, 345 S.W.3d at 753–54. We overrule Appellant's first issue.

*B. Issue Two: Motion for New Trial*

Appellant asserts that new GPS information from Officer Guerra's patrol vehicle entitled him to a hearing on his motion for new trial. Appellant would be entitled to a new trial if the new evidence was not merely cumulative or impeaching. *See Boyett v. State*, 692 S.W.2d 512, 516 (Tex. Crim. App. 1985). Officer Guerra testified as to his location when he first saw Appellant in Franco's car and as to when and where he followed Appellant. Marshal testified he saw Officer Guerra close behind Appellant, notably along the same path to which Officer Guerra testified, about a block before Appellant parked the car. Officer Guerra's location is determinable from the record, and the GPS information could not establish reasonable grounds for potential relief because it was merely cumulative or impeaching. *See Hobbs*, 298 S.W.3d at 199; *Boyett*, 692 S.W.2d at 516. The trial court did not abuse its discretion when it declined to hold a hearing on Appellant's motion for new trial. *See Smith*, 286 S.W.3d at 339. We overrule Appellant's second issue.

6

## C. Issues Three and Four: Punishment

Appellant complains of his punishment in his third and fourth issues. In his third issue, Appellant argues that Section 38.04 of the Penal Code was amended in violation of the "single-subject" requirement of the Texas Constitution and that, therefore, his sentence was unauthorized by law. In his fourth issue, Appellant asserts that the rule of lenity and conflicting amendments to Section 38.04 require that his offense be punished as a state jail felony instead of a third-degree felony.

### 1. "Single-Subject" Requirement

Appellant argues that 2011 Texas Senate Bill 1416, which amended Section 38.04, is unconstitutional because it fails to conform to the "single-subject" requirement of Section 35 of Article III of the Texas Constitution. TEX. CONST. art. III, § 35. Appellant contends that evading arrest or detention in a vehicle remains a state jail felony and that his punishment under Senate Bill 1416's amendment to Section 38.04 of the Penal Code was unauthorized. The Court of Criminal Appeals recently ruled on this issue and held that Senate Bill 1416 does not violate the "single-subject" requirement of the Texas Constitution. *See Ex parte Jones*, 440 S.W.3d 628, 637 (Tex. Crim. App. 2014); *see also Wise v. State*, No. 11-13-00005-CR, 2014 WL 2810097, at *3–4 (Tex. App.—Eastland June 19, 2014, pet. ref'd) (mem. op., not designated for publication) (relying on *Jones*). We overrule Appellant's third issue.

### 2. Conflicting Amendments and Rule of Lenity

Appellant argues that a clear conflict exists between the 2011 amendments to Section 38.04 of the Texas Penal Code, as set forth in Texas Senate Bill 1416 and Texas House Bill 3423. Based on this conflict, Appellant contends that Section 311.031(b) of the Texas Government Code requires the application of House Bill 3423 in this case. *See* TEX. GOV'T CODE ANN. § 311.031(b) (West 2013).

As we have recently explained in a similar case, Appellant's reliance on Section 311.031(b) is misplaced, and the applicable provision is Section 311.025(b) of the Government Code because no recent amendment to Section 38.04 of the Texas Penal Code reduced the punishment for the offense of evading arrest. *See id.* §§ 311.031(b), 311.025(b); PENAL § 38.04; *Wise*, 2014 WL 2810097, at \*4–5 (harmonizing Senate Bill 1416 with House Bill 3423 and Senate Bill 496 under Government Code Section 311.025(b) and holding that the defendant was properly sentenced for a third-degree felony offense). Appellant was properly sentenced under Senate Bill 1416's amendment to Section 38.04 of the Texas Penal Code.

Criminal statutes within the Penal Code do not require strict construction. PENAL § 1.05(a) (West 2011); *State v. Rhine*, 297 S.W.3d 301, 309 (Tex. Crim. App. 2009). The rule of lenity ensures fair warning of what activities are criminally punishable by resolving ambiguity in a criminal statute to apply only to conduct clearly covered. *United States v. Lanier*, 520 U.S. 259, 266 (1997). This rule only applies where a statute is ambiguous. *Cuellar v. State*, 70 S.W.3d 815, 819 n.6 (Tex. Crim. App. 2002). Relying on the holding of the Court of Criminal Appeals in *Jones* and our analysis in *Wise*, we conclude that Section 38.04 is not ambiguous. *See Jones*, 440 S.W.3d at 637; *Wise*, 2014 WL 2810097, at \*4–5. Therefore, the trial court did not err when it sentenced Appellant within the range for a third-degree felony. *See Jones*, 440 S.W.3d at 637. We note that the Court of Criminal Appeals held in *Jones* that a violation identical to Appellant's is properly punished as a third-degree felony. *See Jones*, 440 S.W.3d at 629–30 (holding offense of evading arrest with a motor vehicle for first-time offenders is punishable as a third-degree felony). We overrule Appellant's fourth issue.

8

## VI. *Conclusion*

After a review of the record in the light most favorable to the verdict, we hold the evidence was sufficient to support Appellant's conviction. *See Jackson*, 443 U.S. at 319. We also hold that the trial court did not abuse its discretion when it did not hold a hearing on Appellant's motion for new trial. *See Hobbs*, 298 S.W.3d at 199; *Smith*, 286 S.W.3d at 339. We further hold that Appellant's sentence was authorized by law and that the trial court did not err when it sentenced Appellant for a third-degree felony in accordance with Section 38.04 of the Penal Code. *See Jones*, 440 S.W.3d at 637.

## VII. *This Court's Ruling*

We affirm the judgment of the trial court.

MIKE WILLSON

JUSTICE

June 18, 2015

Publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.



11TH COURT OF APPEALS
EASTLAND, TEXAS
JUDGMENT

Rafael Reyes,

Vs.   No. 11-13-00206-CR

The State of Texas,

\* From the 259th District
Court of Jones County,
Trial Court No. 010822.

\* June 18, 2015

\* Opinion by Willson, J.
(Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.)

This court has inspected the record in this cause and concludes that there is no error in the judgment below.   Therefore, in accordance with this court's opinion, the judgment of the trial court is in all things affirmed.