Opinion filed August 28, 2015



In The

# Eleventh Court of Appeals

_____

No. 11-13-00279-CR

_____

**CHRISTOPHER REED WHITLEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 259th District Court**

**Jones County, Texas**

**Trial Court Cause No. 010799**

## MEMORANDUM OPINION

The jury convicted Christopher Reed Whitley of evading arrest or detention in a motor vehicle. The trial court assessed Appellant's punishment at confinement for nine years. Appellant raises two issues on appeal. We affirm.

On the date of the offense, as Officer Randy Guerra, a City of Hamlin police officer, sat at a stoplight, he heard the sound of tires squealing and saw a red Mustang

being "accelerate[d] to the point where it fishtailed onto the turning lane." The Mustang ended up in the oncoming lane of traffic as it fishtailed. Officer Guerra turned on his emergency lights and pursued Appellant's vehicle. During the pursuit, Officer Guerra "realized [Appellant] wasn't stopping" and turned on his siren. Officer Guerra testified that, as he chased the Mustang, he saw Appellant look at him through the side mirror of the Mustang. Appellant drove erratically and hit his brakes when the patrol vehicle got close to the Mustang. Each time this happened, Officer Guerra saw Appellant smile as he kept driving. After over three miles of pursuit, Appellant voluntarily stopped his vehicle, and Officer Guerra arrested him for evading arrest or detention in a motor vehicle.

After the jury found Appellant guilty, the trial court assessed Appellant's punishment and sentenced Appellant accordingly. *See* TEX. PENAL CODE ANN. § 38.04(b)(2)(A) (West Supp. 2014) (providing that, when one evades arrest, it is classified as "a felony of the third degree if . . . the actor uses a vehicle while the actor is in flight").

In Appellant's first issue, he argues that the sentence imposed by the trial court was unauthorized by law. He contends that, when the legislature amended Section 38.04 in 2011, it violated the single-subject rule under Article III, section 35 of the Texas Constitution. TEX. CONST. art. III, § 35(a) (providing "[n]o bill . . . shall contain more than one subject"). In Appellant's second issue, he argues that, because the sentence was unauthorized by law, the doctrine of lenity combined with Section 311.031(b) of the Texas Government Code mandate that Appellant be punished for a state jail felony, not a third-degree felony. The State argues that Appellant has not preserved these issues for review. Regardless of whether Appellant preserved these issues for review, the Court of Criminal Appeals and this court have decided these issues counter to Appellant's arguments.

In *Jones*, the defendant was convicted of evading arrest in a motor vehicle and argued that Section 38.04 violated the single-subject rule under the Texas Constitution. *Ex parte Jones*, 440 S.W.3d 628, 629 (Tex. Crim. App. 2014). The court disagreed and held that the bill had a single subject because "the penalties for the offenses described in the bill pertain to criminal offenses related to motor vehicles." *Id.* at 633. Consequently, even if Appellant had preserved this issue for appeal, the trial court did not err. We overrule Appellant's first issue.

Recently, this court decided two cases that dispose of Appellant's second issue. *See Reyes v. State*, No. 11-13-00206-CR, 2015 WL 3799301, at *3 (Tex. App.—Eastland June 18, 2015, pet. filed); *Wise v. State*, No. 11-13-00005-CR, 2014 WL 2810097, at *4–5 (Tex. App.—Eastland June 19, 2014, pet. ref'd) (mem. op., not designated for publication). Appellant argues that Section 311.031(b) of the Government Code requires that the 2011 amendment to Section 38.04 of the Penal Code that classified the offense as a state jail felony apply here. *See* TEX. GOV'T CODE ANN. § 311.031(b) (West 2013) (providing that, "[i]f the penalty, forfeiture, or punishment for any offense is reduced by a reenactment, revision, or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended"); PENAL § 38.04.

In *Wise*, we reviewed the issues presented by the multiple amendments passed in the 2011 legislative session that amended Section 38.04. *Wise*, 2014 WL 2810097, at *4–5. We held that reliance on Section 311.031(b) is misplaced because recent amendments to Section 38.04 have not reduced the punishment for the offense of evading arrest. *Id.* We concluded that Wise was properly sentenced under the final amendment passed, which made evading arrest or detention in a motor vehicle a third-degree felony. *Id.* at *5. Because Appellant was indicted and sentenced under the same amendment to Section 38.04 of the Penal Code as the defendant in *Wise*, the same reasoning applies here. *See id.*

3

Appellant further argues that the doctrine of lenity requires us to interpret the ambiguous statute in his favor. *See Reyes*, 2015 WL 3799301, at *4 (discussing the doctrine of lenity and its application to ambiguous statutes). However, in *Reyes*, we analyzed whether the doctrine of lenity requires defendants to face state jail felony rather than third-degree felony charges under Section 38.04. *Reyes*, 2015 WL 3799301, at *4. Because Section 38.04 is not ambiguous, the doctrine of lenity does not apply here. *Id.* (citing *Wise*, 2014 WL 2810097, at *4–5). Consequently, the trial court did not err when it sentenced Appellant. We overrule Appellant's second issue.

We affirm the judgment of the trial court.


JIM R. WRIGHT

CHIEF JUSTICE


August 28, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

4