**Opinion filed April 25, 2019**



In The

# Eleventh Court of Appeals

_____

No. 11-17-00114-CR

_____

**MARCELA ANN BARELA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 35th District Court**

**Brown County, Texas**

**Trial Court Cause No. CR23767**

## M E M O R A N D U M   O P I N I O N

Appellant, Marcela Ann Barela, appeals her conviction for the third-degree felony offense of evading arrest. In two issues on appeal, Appellant argues that her conviction should be overturned because (1) the evidence was insufficient to prove beyond a reasonable doubt that Appellant intentionally fled from a person she knew was a peace officer and (2) Appellant's sentence is outside the legal range of punishment for her offense because the 2011 bills amending the evading arrest

statute must be interpreted as keeping the punishment as a state jail felony. Because we hold that the evidence is sufficient to support Appellant's conviction and because Appellant's sentence of confinement for seven years is within the legal range of punishment for her offense, we affirm.

*Background Facts*

Appellant was charged with the third-degree felony offense of evading arrest while using a vehicle. At trial, Officer Brandon Miller of the Brownwood Police Department testified that, on the night of the offense, he was dispatched to an "Unwanted Person" call. Officer Miller was advised that the suspect had been involved in a dispute at a residence and was attempting to run someone over with a green car. Upon arriving at the scene, Officer Miller observed a green car being driven on the wrong side of the road. Officer Miller and his partner, Officer Jeremy Seider, attempted to initiate a traffic stop by getting behind the vehicle and activating their patrol car's emergency lights and siren. However, the vehicle did not stop. Officer Miller testified that, based on the vehicle accelerating, running a stop sign, and making quick turns, he believed the driver was aware that the officers were attempting to pull the car over. Although Officer Miller did not classify the pursuit as "high-speed," he stated that he would nonetheless characterize the driver's actions as "evading." After a few minutes, the vehicle pulled into a private driveway and came to a stop. Appellant—the only occupant and driver of the vehicle—exited the car. Officer Miller testified that traffic was not heavy during the attempted stop and that Appellant had multiple opportunities to safely stop prior to pulling into the driveway.

Officer Miller further testified that, after exiting the vehicle, Appellant refused to comply with the officers' orders to get on the ground. Instead, Appellant yelled and screamed at the officers, pulled away when the officers attempted to handcuff

2

her, and was generally uncooperative. Likewise, when asked her name, Appellant lied and stated that her name was "Marcela Longoria." Officer Miller testified that, although dispatch "could not locate a return for a Marcela Longoria," dispatch informed him that they had a return for a "Marcela Barela" with multiple felony and misdemeanor warrants. Although Officer Miller confronted Appellant with her real name, Appellant still refused to provide her real name and, instead, insisted that she did not know a "Marcela Barela." Nonetheless, Officer Miller testified that he was eventually able to confirm Appellant's identity based on a previous mug shot and tattoo records for Appellant.

Officer Miller also testified that he believed Appellant was intoxicated and that Appellant failed multiple field sobriety tests. As a result, Officer Miller obtained a search warrant and took Appellant to have her blood drawn, which revealed that Appellant's blood alcohol content was 0.124 grams of alcohol per 100 milliliters of blood. Lastly, the State introduced an audio and video dash-cam recording of the pursuit and Appellant's arrest.

Appellant also testified at trial. Appellant claimed that, just prior to the pursuit, she had been attacked by a group of five to six people and was fleeing from them. Appellant stated that she was confused and that her hearing and vision were affected by the injuries she received in the alleged assault. Appellant claimed that she did not realize police officers were trying to pull her over until right before she stopped and that she did not intentionally flee from the officers.

After hearing all the evidence, the trial court found Appellant guilty, assessed her punishment at confinement for seven years, and sentenced her accordingly. This appeal followed.

*Analysis*

In two issues on appeal, Appellant argues that (1) the evidence was insufficient to prove beyond a reasonable doubt that Appellant intentionally fled from a person she knew was a peace officer and (2) Appellant's sentence is outside the legal range of punishment because the 2011 amendments to Section 38.04 of the Texas Penal Code must be interpreted as keeping the punishment as a state jail felony.

*Issue One: Sufficiency of the Evidence.*

First, Appellant contends that the evidence was insufficient to support her conviction of evading arrest. Specifically, Appellant contends that the evidence was insufficient to prove beyond a reasonable doubt that Appellant intentionally fled from a person she knew was a peace officer. Appellant argues that, because the pursuit lasted a short time and covered a short distance and because Appellant's "manner of driving did not consist of extreme evasive maneuvers," the evidence did not demonstrate an intent to evade arrest. Additionally, Appellant points to Officer Miller's testimony—that he could only assume, but did not know for certain, that Appellant knew police officers were attempting to stop her—as proof that the State failed to prove knowledge. We disagree.

The standard of review for sufficiency of the evidence is whether any rational trier of fact could have found Appellant guilty beyond a reasonable doubt of the charged offense. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). We review the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). The trier of fact may believe all, some, or none of a witness's testimony

4

because the factfinder is the sole judge of the weight and credibility of the witnesses. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986); *Isham v. State*, 258 S.W.3d 244, 248 (Tex. App.—Eastland 2008, pet. ref'd). We defer to the trier of fact's resolution of any conflicting inferences raised by the evidence and presume that the trier of fact resolved such conflicts in favor of the verdict. *Jackson*, 443 U.S. at 326; *Brooks*, 323 S.W.3d at 899; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

A person commits the offense of evading arrest or detention if she intentionally flees from a person she knows is a peace officer attempting lawfully to arrest or detain her. TEX. PENAL CODE ANN. § 38.04(a) (West 2016). The offense is a felony of the third degree if the actor uses a vehicle while the actor is in flight. *Id.* § 38.04(b)(2)(A); *see Brown v. State*, 498 S.W.3d 666, 671 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd). Fleeing is "anything less than prompt compliance with an officer's direction to stop." *Horne v. State*, 228 S.W.3d 442, 446 (Tex. App.—Texarkana 2007, no pet.). Moreover, the statute does not require high-speed fleeing, or even effectual fleeing. *Mayfield v. State*, 219 S.W.3d 538, 541 (Tex. App.—Texarkana 2007, no pet.). Thus, "fleeing slowly is still fleeing." *Id.*

Here, Officer Miller testified that he and Officer Seider were in a marked police vehicle with its lights and siren activated when they attempted to stop Appellant's vehicle. Officer Miller also testified that there was little traffic on the road and that their vehicle was behind Appellant's. Nonetheless, Officer Miller stated that Appellant accelerated, made quick turns, and ran a stop sign after he activated his vehicle's lights and siren. Furthermore, Officer Miller testified that Appellant had multiple warrants out for her arrest and that she provided him with a false name. Additionally, the blood draw showed that Appellant had a blood alcohol content of 0.124 at the time of her arrest—well over the legal limit of 0.08 for driving

while intoxicated.  *See* PENAL § 49.01(2)(B) (West 2011), § 49.04 (West Supp. 2018).

Although Appellant claimed that she did not know the officers were attempting to stop her until right before she pulled into the driveway, the trial court was free to believe Officer Miller's testimony over Appellant's.  *See Jackson*, 443 U.S. at 326; *Sharp*, 707 S.W.2d at 614.  Likewise, the trial court was entitled to make reasonable inferences from the evidence.  *See Jackson*, 443 U.S. at 326; *Brooks*, 323 S.W.3d at 899.  Given Appellant's outstanding warrants, blood alcohol content, and failure to provide her real name upon arrest, the trial court could have reasonably inferred that Appellant had reason to evade arrest.  *See Jackson*, 443 U.S. at 326; *Brooks*, 323 S.W.3d at 899.  Likewise, although not a high-speed chase, given Appellant's delay in stopping her vehicle, her evasive maneuvers, and the fact that the officers were directly behind Appellant's vehicle with their vehicle's lights and siren activated, the trial court could have reasonably concluded that Appellant knew the officers were attempting to stop her vehicle.  *See Mayfield*, 219 S.W.3d at 540–41.  Thus, we believe the trial court could have found beyond a reasonable doubt that Appellant knew that a peace officer was attempting to detain her, that she intentionally fled from that detention, and that she used a motor vehicle in doing so.  *See Brown*, 498 S.W.3d at 672.  We overrule Appellant's first issue.

*Issue Two: Section 38.04's Conflicting Provisions*

In her second issue, Appellant argues that her sentence is outside the legal range because the 2011 bills that amended Section 38.04 of the Texas Penal Code—Evading Arrest or Detention—must be interpreted as keeping the punishment for evading arrest as a state jail felony.  *See* PENAL § 38.04.  Appellant contends that Section 38.04 contains conflicting penalty provisions for the offense and that the trial court erred in interpreting the statute so as to impose a penalty for a third-degree

felony instead of a state jail felony. *See id.* Appellant further argues that the statute is facially ambiguous and that the rule of lenity requires the statute to be interpreted in favor of Appellant as a state jail felony. *See id.*

We note that Appellant did not object to her sentence on any grounds, neither at the time of sentencing nor in any post-trial motion. To preserve an error for appellate review, a party must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling. TEX. R. APP. P. 33.1(a). Therefore, Appellant has failed to preserve error and has waived her complaint on appeal. *See id.*

Moreover, even if we were to consider Appellant's argument, this court recently decided a trio of cases that dispose of Appellant's second issue. *See Reyes v. State*, 465 S.W.3d 801 (Tex. App.—Eastland 2015, pet. ref'd); *Wise v. State*, No. 11-13-00005-CR, 2014 WL 2810097 (Tex. App.—Eastland June 19, 2014, pet. ref'd) (mem. op., not designated for publication); *Whitley v. State*, No. 11-13-00279-CR, 2015 WL 5233749, at *2 (Tex. App.—Eastland Aug. 28, 2015, no pet.) (mem. op., not designated for publication) (explaining that the offense of evading arrest in a motor vehicle is a third-degree felony, not a state jail felony).

In *Wise*, we reviewed the issues presented by the multiple amendments to Section 38.04 enacted during the 2011 legislative session of the Texas Legislature by looking to the sequence in which the amendments were enacted. *Wise*, 2014 WL 2810097, at *5. Because Senate Bill 1416—which elevated the offense of evading arrest using a motor vehicle to a third-degree felony—was the last of the multiple bills to be enacted, we held that the appellant in *Wise* was properly sentenced pursuant to a third-degree felony. *Id.* Thus, here, because Appellant was indicted and sentenced under the same amendment to Section 38.04 of the Penal Code as the appellant in *Wise*, the same reasoning applies. *See id.*; PENAL § 38.04.

Similarly, in *Reyes*, we analyzed whether the rule of lenity requires defendants to face state jail felony charges, rather than third-degree felony charges, under Section 38.04. *See Reyes*, 465 S.W.3d at 807 (discussing the doctrine of lenity and its application to ambiguous statutes). However, because we held that Section 38.04 was not ambiguous, the doctrine of lenity did not apply. *Id.* Therefore, once again here, the trial court did not err when it sentenced Appellant consistent with a third-degree felony. *See id.*; *Whitley*, 2015 WL 5233749, at *2. We overrule Appellant's second issue.

## Conclusion

We affirm the judgment of the trial court.

KEITH STRETCHER

JUSTICE

April 25, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1] Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.