**Opinion issued November 8, 2012**



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-11-00350-CR

———————————————

**BARRINGTON THOMPSON, Appellant**

**V.**

**STATE OF TEXAS, Appellee**

---

**On Appeal from the 337th District Court**
**Harris County, Texas**
**Trial Court Case No. 1290502**

---

# O P I N I O N

A jury found appellant Barrington Thompson guilty of the state jail felony offense of evading arrest in a motor vehicle. [1]   After appellant pleaded true to two enhancement paragraphs, the trial court sentenced appellant to three years in prison.   In two issues, appellant asserts on appeal that (1) the evidence is insufficient to prove that he intentionally fled from a person that he knew to be a peace officer, who was attempting to detain him and (2) the trial court erred in overruling his objection to a remark made by the prosecutor during closing argument.

We affirm.

## Background

At 3:30 a.m. on December 31, 2010, Houston police officer C.M. Ayala responded to a criminal mischief call in a residential neighborhood.  While at the scene investigating, Officer Ayala heard a loud noise, which got progressively louder.  The officer stepped into the intersection to investigate the source of the noise.  He believed that the sound was coming from a vehicle.

Officer Ayala saw a vehicle coming down the street toward him.  The vehicle had only one headlight.  The car's front bumper was dragging on the pavement.  While in the middle of the intersection, Officer Ayala signaled with his

---

[1]     *See* Act of May 27, 2009, 81st Leg., R.S., ch. 1400, § 4, 2009 Tex. Gen. Laws 4385, 4385–86 amended (current version TEX. PEN. CODE ANN. § 38.04 (Vernon Supp. 2012)).

flashlight for the driver to stop. The driver, who was appellant, passed within five feet of Officer Ayala's police cruiser, which was parked on the side of the street. Appellant sped up, drove through the intersection without stopping at the stop sign, and turned onto another street. Officer Ayala ran to his police cruiser, activated his lights and siren, and pursued appellant.

Officer Ayala quickly caught up to appellant, following as close as 10 feet behind him, with lights flashing and siren sounding. Appellant continued to drive, traveling at increasing speeds, reaching up to 40 miles per hour, and running through two more stop signs before he finally pulled over. Officer Ayala later testified that he believed appellant was forced to stop when appellant's vehicle was disabled by the damaged bumper.

Appellant stumbled out of his car and said, "Man, I'm pissed off. I just crashed on MLK. I just had an accident." In addition to his lack of balance, appellant also displayed other signs of intoxication, such as bloodshot eyes, slurred speech, and an odor of alcohol.

Once Officer Ayala and another officer detained him, appellant became combative and yelled obscenities at the officers. Appellant told the officers that they were violating his rights, and he requested an attorney.

3

**Sufficiency of the Evidence**

In his first issue, appellant asserts, "The evidence presented at trial was legally insufficient to prove that [appellant] intentionally fled from someone he knew was a police officer attempting to detain him as required under Texas Penal Code § 38.04."

## A.     Standard of Review

This Court reviews sufficiency-of-the-evidence challenges applying the same standard of review, regardless of whether an appellant presents the challenge as a legal or a factual sufficiency challenge.  *See Ervin v. State*, 331 S.W.3d 49, 53–55 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) (construing majority holding of *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010)).  This standard of review is the standard enunciated in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979).  *See Ervin*, 331 S.W.3d at 53–55.  Pursuant to this standard, evidence is insufficient to support a conviction if, considering all the record evidence in the light most favorable to the verdict, no rational fact finder could have found that each essential element of the charged offense was proven beyond a reasonable doubt.  *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *In re Winship*, 397 U.S. 358, 361, 90 S. Ct. 1068, 1071 (1970); *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009); *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).  We can hold evidence to be insufficient under the

4

*Jackson* standard in two circumstances: (1) the record contains no evidence, or merely a "modicum" of evidence, probative of an element of the offense, or (2) the evidence conclusively establishes a reasonable doubt. *See Jackson*, 443 U.S. at 314, 318 n.11, 320, 99 S. Ct. at 2786, 2789 n.11, 2789; *see also Laster*, 275 S.W.3d at 518; *Williams*, 235 S.W.3d at 750.

The sufficiency-of-the-evidence standard gives full play to the responsibility of the fact finder to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). An appellate court presumes that the fact finder resolved any conflicts in the evidence in favor of the verdict and defers to that resolution, provided that the resolution is rational. *See Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793. In viewing the record, direct and circumstantial evidence are treated equally; circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Clayton*, 235 S.W.3d at 778. Finally, "[e]ach fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

5

## B.    Law of the Offense

A person commits the offense of evading detention with a vehicle if he intentionally flees in a vehicle from a person he knows is a peace officer attempting lawfully to arrest or detain him.  *See* Act of May 27, 2009, 81st Leg., R.S., ch. 1400, § 4, 2009 Tex. Gen. Laws 4385, 4385–86 amended (current version TEX. PEN. CODE ANN. § 38.04 (Vernon Supp. 2012)).  A person commits a crime under section 38.04 only if he knows that a police officer is attempting to arrest him but nevertheless refuses to yield to a police show of authority.  *See Hobyl v. State*, 152 S.W.3d 624, 627 (Tex. App.—Houston [1st Dist.] 2004, pet. dism'd) ("[T]he accused must *know* that the person from whom he flees is a peace officer attempting to arrest or detain him."); *Brooks v. State*, 76 S.W.3d 426, 434 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

## C.    Analysis

Appellant contends that the evidence is insufficient to show he had the intent to flee Officer Ayala.  He asserts that the evidence does not show he was aware of Officer Ayala's presence before the point in time that he stopped his car.

At trial, Officer Ayala testified that he was standing in the intersection, in full uniform, waiving his flashlight, and signaling appellant to stop, when appellant's vehicle passed within ten feet of him.  Appellant then sped up and drove through the intersection without stopping at the stop sign.  The officer ran to

6

his police cruiser, which was parked on the side of the street, only five feet from where appellant's vehicle had passed. He activated his emergency lights and siren and began pursuing appellant. The officer testified that, at times, his cruiser was within 10 feet of appellant's car during the chase. Nevertheless, appellant failed to stop. To the contrary, appellant increased his speed even though he was dragging his bumper. He also drove through two more stop signs without stopping before he pulled over.

On cross-examination, Officer Ayala testified that appellant was aware of his presence when appellant drove past him at the intersection.

Q. You don't know if he ever saw you, do you?
A. Yes, I do.
Q. It was dark that night wasn't it?
A. It was night. The street is lit. I had a flashlight. I'm in full uniform. And, again, there's a patrol vehicle. There's two patrol vehicles right there in proximity.

Officer Ayala further testified that appellant had ample opportunity to realize that he was following him before finally pulling over. The officer pointed out that he had activated his emergency lights and siren on his police cruiser as he pursued appellant.

However, when asked about the effects of alcohol on a driver, Officer Ayala testified that alcohol can impair a person's perception. Officer Ayala also admitted

7

that, given the effect of alcohol, it was probable that appellant did not realize that he was being followed.

> Q.  Could have been because he just saw the police officer and decided to stop because now he was aware that you were behind him. That could have been a reason, couldn't it?
>
> A.  He might have chosen to stop eventually, yes.
>
> Q.  And you don't know—you're not 100% sure he didn't stop because he just saw you.  You don't know that, do you?
>
> A.  Because he had just seen me?
>
> Q.  Yeah.  Just became aware that you were there.
>
> A.  Again, he had plenty opportunity prior to that to have seen me.
>
> Q.  But you don't know that he actually perceived your presence, do you?
>
> A.  Based on what you said earlier about the effects of alcohol, he probably did not.  I'm not sure.

Citing this portion of the officer's testimony, appellant argues that Officer Ayala admitted that appellant was highly intoxicated and may not have understood that the officer was attempting to detain him.  Appellant further argues that, if he did not realize that the officer was attempting to detain him, then he could not have been intentionally fleeing from the officer.

Evidence of a defendant's intoxication, however, cannot negate the elements of intent or knowledge.  *See Hawkins v. State*, 605 S.W.2d 586, 589 (Tex. Crim. App. 1980); *see also* TEX. PENAL CODE ANN. § 8.04(a) (Vernon 2011).  In this case, the jury was properly instructed that voluntary intoxication is not a defense to

8

the commission of a crime. *See Taylor v. State*, 885 S.W.2d 154, 158–59 (Tex. Crim. App. 1994).

As the fact finder, a jury is entitled to judge the credibility of witnesses and may choose to believe all, some, or none of the testimony presented by the parties. *Chambers*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). Here, the jury was within its province to disregard Officer Ayala's testimony that appellant probably was not aware of his presence due to his intoxication. *See id.* This is true in light of the voluntary intoxication instruction and the circumstantial evidence indicating that appellant was aware of the officer's attempt to detain him.

Viewing all the record evidence in the light most favorable to the verdict, we cannot say that no rational fact finder could have found that each essential element of the charged offense was proven beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Williams*, 235 S.W.3d at 750.

We overrule appellant's first issue.

**Improper Jury Argument**

In his second issue, appellant contends that the trial court erred in overruling his objection to the State's improper jury argument, which commented on his failure to testify.

Appellant specifically complains of the following statement made by the prosecutor during summation:

What I do have to prove is that he knew that Officer Ayala was following him. And he knew that he was a peace officer. So, some of the cross questions were about, how do you know for sure what was going through his head? I've never tried a case where you ever know what's going through the defendant's head unless he gets—or unless he somehow tells someone. No one can do that. I can't crack open someone's head and see what's inside. You look at things we do on a daily basis.

Appellant objected on the ground that the argument was improper because it referred to his constitutional right not to testify. The court overruled the objection.

We review a trial court's ruling on an objection to jury argument under the abuse-of-discretion standard. *See Davis v. State*, 329 S.W.3d 798, 825 (Tex. Crim. App. 2010). Appellant correctly points out that any comment on a defendant's failure to testify violates both the state and federal constitutions as well as statutory law. *See Randolph v. State*, 353 S.W.3d 887, 891 (Tex. Crim. App. 2011); *see also* U.S. CONST. amend. V; TEX. CONST. art. I, § 10; TEX. CODE CRIM. PROC. art. 38.08. (Vernon 2005). Such a violation occurs when "the language used was manifestly intended or was of such a character that the jury would necessarily and naturally take it as a comment on the defendant's failure to testify." *Archie v. State*, 340 S.W.3d 734, 738 (Tex. Crim. App. 2011) (quoting *Cruz v. State*, 225 S.W.3d 546, 548 (Tex. Crim. App. 2007)).

Assuming that the prosecutor's comment was an impermissible comment on appellant's failure to testify, and that the trial court abused its discretion by denying appellant's objection to the comment, we analyze whether appellant was

10

harmed by the error. Because such error infringes on an appellant's privilege against self-incrimination, it is of a constitutional magnitude, and must be analyzed under Rule 44.2(a) of the Texas Rules of Appellate Procedure. *See Snowden v. State*, 353 S.W.3d 815, 817 (Tex. Crim. App. 2011). Rule 44.2(a) provides that "the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment." TEX. R. APP. P. 44.2(a).

Our harm review for constitutional errors is controlled by the Court of Criminal Appeals analysis in *Snowden*, 353 S.W.3d at 822. We consider (1) the nature of the error, (2) the extent emphasized by the State, (3) the probable implications of the error, and (4) the weight the jury would likely have assigned to it in the course of the deliberations. *See id*. These factors are not exclusive; other considerations may logically inform our harm analysis.[2] *See id*. The *Snowden* court emphasized, "At bottom, an analysis for whether a particular constitutional error is harmless should take into account any and every circumstance apparent in the record that logically informs an appellate determination 'whether beyond a

---

[2]    In *Snowden*, the Court of Criminal Appeals expressly overruled the following factors from *Harris v. State*, 790 S.W.2d 568, 587 (Tex. Crim. App. 1989): identifying the source of the constitutional error and whether declaring the error harmless would encourage repeat performances by the State. *Snowden v. State*, 353 S.W.3d 815, 821–22 (Tex. Crim. App. 2011).

11

reasonable doubt [that particular] error did not contribute to the conviction or punishment.'" *Id.* (alteration in original) (quoting TEX. R. APP. P. 44.2(a)).

As discussed, here, the nature of the error is the trial court's overruling of appellant's objection to the prosecutor's indirect comment on appellant's failure to testify. Generally, a comment on a defendant's failure to testify implicates an illegitimate inference by the jury that such failure indicates a defendant's guilt because the defendant does not affirmatively deny the State's allegations. Such an inference is, of course, in derogation of a defendant's constitutional right to remain silent. *See id.* at 824–25.

In this case, the central issue was whether the State proved that appellant knew Officer Ayala was attempting to detain him and whether he intended to flee the officer. It would have been impermissible for the jury to infer that appellant's silence at trial indicated he had such knowledge and intent.

A review of the record shows, however, that the risk that the jury made such inference was low. The record reveals that, other than the comment of which appellant complains, the prosecutor did not repeat, emphasize, or otherwise invite the jury to consider appellant's failure to testify at any other point during trial. Instead, the comment was isolated and, when read in context, preceded what the prosecutor did emphasize: appellant's actions indicating (1) his awareness that Officer Ayala was attempting to detain him and (2) his intent to flee.

12

In this respect, the prosecutor emphasized the following evidence during summation: (1) appellant's failure to stop when Officer Ayala signaled him with a flashlight to pull over; (2) Officer Ayala was in the middle of the intersection when he signaled appellant; (3) appellant passed within five feet of the parked patrol cars and within ten feet of Officer Ayala; (4) appellant sped up as he left the intersection and ran through a stop sign; (5) appellant exceeded the speed limit and failed to stop at two other stop signs as Officer Ayala pursued him; (6) Officer Ayala closely pursued appellant in his police cruiser with the emergency lights flashing and with the siren sounding; and (7) Officer Ayala's belief that appellant ultimately stopped only because appellant's car was disabled. The prosecutor also pointed out that appellant was intoxicated at the time of the pursuit, giving appellant a reason to evade police.

Based on this circumstantial evidence, the prosecutor invited the jury to infer that appellant was aware that Officer Ayala was attempting to detain him and that appellant intended to flee. Such an inference is a legitimate one. *See Hart v. State*, 89 S.W.3d 61, 64 (Tex. Crim. App. 2002) (explaining that intent or knowledge may be inferred from acts, words, and conduct).

During summation, appellant argued that the State had not shown that he was aware of Officer Ayala or that he had attempted to flee. In making this argument, appellant relied on the evidence relating to his intoxication. However,

13

as discussed, the jury was not permitted to consider appellant's intoxication as a defense to the elements of the offense.

On appeal, appellant asserts, "In resolving guilt-innocence, the jury was required to determine whether or not [appellant] knew that Officer Ayala was attempting to detain him and whether or not he intentionally fled from that detention. The comment improperly pointed the jury to a lack of evidence, namely intent, that only [appellant] could have provided." As detailed above, the evidence supporting the inference that appellant knew Officer Ayala was attempting to detain him and that appellant intended to flee was not lacking; to the contrary, it was substantial, if not overwhelming. A jury that believed Officer Ayala's testimony would have no need to resort to the improper inference derived from appellant's failure to testify. Given the record, it is unlikely that the jury placed much, if any, weight on appellant's failure to testify.[3]

---

[3]    Appellant cites *Crocker v. State*, 248 S.W.3d 299, 307 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) to support his position that the error was harmful. There, we held that the State's indirect comment in closing argument regarding the defendant's failure to testify was harmful error. *Id.* Because it is distinguishable in significant respects, *Crocker* is of limited use to our analysis here. In *Crocker*, the appellant was convicted of aggravated robbery based solely on the complainant's video line-up and in-court identification. *See id.* at 303. Our discussion of the evidence supporting the conviction in *Crocker* shows that it was not substantial or overwhelmingly but was tenuous in a several respects. *See id.* at 303, 307. We concluded, "It is possible then that a juror gave at least some weight to the prosecutor's statement that the jury had heard from the State's witnesses only." *Id.* at 307. We also concluded that to hold the error harmless had the potential "to open the door to similar comments" by the State in other cases. *Id.*

14

Lastly, we note that the charge instructed the jury as follows: "In this case, the defendant has elected not to testify and you are instructed that you cannot and must not refer to or allude to that fact throughout your deliberations or take it into consideration for any purpose whatsoever as a circumstance against him." We presume that the jury followed this instruction. *See Colburn v. State*, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998).

Assuming that the trial court erred by overruling appellant's objection to the State's comment alluding to his failure to testify, we conclude that such error did not move the jury from a state of non-persuasion to a state of persuasion on any material issue in the case. *See Snowden*, 353 S.W.3d at 825 (citing *Langham v. State*, 305 S.W.3d 568, 582 (Tex. Crim. App. 2010)). Nor is such error "reasonably likely to have caused such prejudice as to distract the jury or divert it from its proper fact-finding role." *See id.* We are persuaded to a level of confidence beyond a reasonable doubt that it made no contribution to the jury's determination that the appellant was guilty of evading arrest in a motor vehicle. *See id.* We hold that any error by the trial court in overruling appellant's objection to the State's reference to appellant's failure to testify was harmless error. *See* TEX. R. APP. P. 44.2(a).

We overrule appellant's second issue.

---

This is a factor that we no longer consider in our harm analysis. *See Snowden*, 353 S.W.3d at 821–22.

## Conclusion

We affirm the judgment of the trial court.

Laura Carter Higley
Justice

Panel consists of Justices Higley, Sharp, and Huddle.

Justice Sharp, dissenting.

Publish.   TEX. R. APP. P. 47.2(b).

16