

## NUMBER 13-14-00083-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

---

**VALENTIN GAONA,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

### On appeal from the 94th District Court
### of Nueces County, Texas.

---

## MEMORANDUM OPINION

**Before Justices Benavides, Perkes, and Longoria**
**Memorandum Opinion by Justice Longoria**

By one issue, appellant Valentin Gaona challenges the sufficiency of the evidence

supporting his conviction for evading arrest or detention with a motor vehicle. *See* TEX.

PENAL CODE ANN. § 38.04(b)(2)(A) (West, Westlaw through 2013 3d C.S.).  We affirm.

## I. BACKGROUND

Corpus Christi Police Officer Alexandria Castro ("Castro") was patrolling with her field training officer, Officer Kirby Evans ("Evans"), in the early morning hours of September 4, 2013.  Castro testified that she observed appellant fail to stop behind the stop sign at the intersection of Mohawk and Baldwin.  Castro turned the car around, activated her emergency lights and siren, and pursued appellant.  Following a chase, Castro observed appellant stop his vehicle, jump out, and run away on foot.  Castro pursued him on foot while Evans stayed with the passenger of appellant's vehicle.  Castro eventually caught and arrested appellant.

The State charged appellant by indictment with evading arrest with a motor vehicle, a third-degree felony enhanced to a first-degree felony by two prior felony convictions. *See id.*; § 12.42(d) (West, Westlaw through 2013 3d C.S.).  A jury returned a verdict of guilty, found both enhancement paragraphs to be true, and assessed punishment at thirty-two years' imprisonment in the Texas Department of Criminal Justice—Institutional Division and no fine.  This appeal followed.

## II. SUFFICIENCY OF THE EVIDENCE

In his sole issue, appellant asserts that the State did not produce sufficient evidence that the officers' attempt to detain him was lawful. *See* TEX. PENAL CODE ANN. § 38.04(a) (West, Westlaw through 2013 3d C.S.)

## A. Standard of Review and Applicable Law

When an appellant challenges the sufficiency of the evidence, appellate courts view all the evidence in the light most favorable to the jury's verdict and determine whether, based on that evidence and reasonable inferences drawn from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Rabb v. State*, 434 S.W.3d 613, 616 (Tex. Crim. App. 2014) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). In conducting this review, we are mindful that it is the province of the jury, acting as the trier of fact, to resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011).

We measure the sufficiency of the evidence by the elements of the offense as they are defined by the hypothetically correct jury charge for the case. *Thomas v. State*, 444 S.W.3d 4, 8 (Tex. Crim. App. 2014) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). The hypothetically correct charge is one that is authorized by the indictment, accurately sets out the law, does not unnecessarily increase the State's burden of proof or unnecessarily restrict its theories of liability, and adequately describes the particular offense for which the defendant was tried. *Sanchez v. State*, 376 S.W.3d 767, 772 (Tex. Crim. App. 2012). In this case, the hypothetically correct jury charge would require the State to prove that appellant: (1) intentionally; (2) fled in a vehicle; (3) from a peace officer that he knew was attempting to lawfully arrest or detain him. *Thompson v. State*, 426 S.W.3d 206, 209 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd). It is an element of the offense that the peace officer's attempt to arrest or detain the defendant

was lawful. *Id.*; *Throneberry v. State*, 109 S.W.3d 52, 56 (Tex. App.—Fort Worth 2003, no pet.).

A traffic stop is a seizure within the meaning of the Fourth Amendment and therefore must be supported by reasonable suspicion to be lawful. *Davis v. State*, 947 S.W.2d 240, 243 (Tex. Crim. App. 1997); *see Vasquez v. State*, 324 S.W.3d 912, 919 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) ("In other words, an officer may initiate a traffic stop if he has a reasonable basis for suspecting that a person has committed a traffic violation."). Reasonable suspicion exists if the peace officer possesses "specific, articulable facts which, when combined with rational inferences from those facts, would lead the officer to conclude that a particular person actually is, has been, or soon will be engaged in criminal activity." *Crain v. State*, 315 S.W.3d 43, 52 (Tex. Crim. App. 2010). We analyze on an objective basis whether the facts available to the officers gave rise to reasonable suspicion; "the subjective intent of the officer conducting the investigation is irrelevant." *Hamal v. State*, 390 S.W.3d 302, 306 (Tex. Crim. App. 2012).

### B. Discussion

Appellant asserts that there is no evidence to show that the officers' attempt to detain him was lawful because they had no reasonable basis to believe that he had committed or was committing a traffic violation. *See Thompson*, 426 S.W.3d at 209. According to appellant, he stopped before entering the intersection, which is all that the transportation code requires.

The requirements of the transportation code for a vehicle operator approaching a stop sign vary depending on the circumstances: (1) if a crosswalk exists, the driver shall stop before entering the crosswalk; (2) if there is no crosswalk, the driver shall stop at a

4

clearly marked stop line; (3) if there is no stop line, the driver shall stop "at the place nearest the intersecting roadway where the operator has a view of approaching traffic on the intersecting roadway." *State v. Police*, 377 S.W.3d 33, 37 (Tex. App.—Waco 2012, no pet.) (citing TEX. TRANSP. CODE ANN. § 544.010(c) (West, Westlaw through 2013 3d C.S.)). There was no crosswalk at the intersection in this case. Castro testified that she did not know if there was a stop line at that intersection, and neither party asserts on appeal that one existed. The State agrees that the statute does not impose a rule that a driver must always stop before the stop sign, but argues that the evidence is sufficient for the jury to find beyond a reasonable doubt that Castro had a reasonable basis for thinking that appellant stopped his vehicle in the intersection, which is a violation of the statute.[1] *See* TEX. TRANSP. CODE ANN. § 544.010(c); *see also Morgan v. State*, No. 01-05-1163-CR, 2007 WL 1412870, at *6 (Tex. App.—Houston [1st Dist.] May 10, 2007, pet. ref'd) (mem. op., not designated for publication) (holding that the police had probable cause to stop the appellant when his car stopped in "the crossing lane of traffic").

We agree. First, Castro testified that if appellant had not stopped he would have hit the police car carrying her and Evans. Second, Evans testified that appellant's vehicle stopped "way past—where you would normally stop." Third, Evans testified on cross-examination that appellant's truck was "so far out past the line" that he thought appellant was going to collide with the car. The jury could have reasonably inferred from the testimony of both officers that appellant's truck stopped within the intersection.

---

[1] Castro and Evans's erroneous belief that appellant necessarily violated section 554.010 by not stopping before the stop sign does not affect this analysis because determining whether Castro and Evans had reasonable suspicion to believe that appellant committed a traffic violation is an objective analysis of all the facts available to the officers that does not include their subjective intent. *Hamal v. State*, 390 S.W.3d 302, 306 (Tex. Crim. App. 2012).

5

*See Gear*, 340 S.W.3d at 746. Fourth, when testifying in front of the jury, Castro and Evans marked the approximate spot where appellant stopped his truck on a diagram that depicted the intersection and the surrounding streets.[2]

However, the diagram is not in the record. When an attorney fails to request that the content of a demonstration designed to clarify a witnesses' testimony be reflected in the record, courts presume that the unseen demonstration supports the jury's verdict. *Connell v. State*, 233 S.W.3d 460, 468 (Tex. App.—Fort Worth 2007, no pet.); *Wawrykow v. State*, 866 S.W.2d 87, 90 (Tex. App.—Beaumont 1993, pet. ref'd) (holding the same in the context of a police officer demonstrating the degree of force with which the defendant shoved him); *see also Bounds v. State*, No. 09-06-00076 CR, 2006 WL 3438062, at *3 (Tex. App.—Beaumont Nov. 29, 2006, no pet.) (mem. op, not designated for publication) (holding, in a prosecution for aggravated sexual assault of a child, that when the prosecutor used drawings of male and female figures for demonstrative purposes, and it was sometimes "unclear as to what parts of the body his questions and the child's answers referred," the court of appeals presumed that the demonstrations supported the jury's verdict).

In sum, after a thorough review of the record, and giving due deference to the role of the jury as the trier of fact, we conclude that there is sufficient evidence to support a finding beyond a reasonable doubt that Castro was attempting to lawfully detain appellant. *See Vasquez*, 324 S.W.3d at 919; *see also Thompson*, 426 S.W.3d at 209. We accordingly overrule appellant's sole issue.

---

[2] The State presented the diagram to appellant's trial counsel beforehand, and he agreed that the diagram was an accurate depiction of the intersection and the adjacent streets on which the chase took place.

6

## III. Conclusion

We affirm the judgment of the trial court.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
19th day of February, 2015.