**AFFIRMED and Opinion Filed August 29, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00410-CR**

**MARK JARED KNOWLES, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-83651-2019**

## MEMORANDUM OPINION

Before Justices Molberg, Nowell, and Goldstein
Opinion by Justice Goldstein

After a jury trial, appellant Mark Jared Knowles was convicted of possession of methamphetamine and sentenced to six years' confinement. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c). In three issues, appellant complains that: (1) the trial court erred in failing to instruct the jury regarding improperly obtained evidence, (2) the trial court erred in overruling his objection to questions drawing attention to his silence, and (3) the evidence was factually insufficient to support his conviction. We affirm.

# BACKGROUND

On January 24, 2019, appellant drove his white late-model Buick to Wal-Mart on Coit Road in Plano, Texas. In the passenger seat was a woman named Courtney Pipes. Security cameras in the parking lot recorded appellant parking his car next to a dark colored pickup truck. The truck belonged to Wal-Mart loss-prevention officer Matthew Anderson. The security footage shows Anderson walking to and entering his truck about a minute after appellant parked his car. Roughly four minutes later, Pipes can be seen exiting the car and walking toward the store, stopping to pick up a piece of paper from the ground.

Anderson testified that he recognized appellant from a prior encounter at Wal-Mart where he observed appellant "doing something weird." He also testified that the paper Pipes picked up was a Wal-Mart receipt. He explained that a common scam involves people bringing in receipts found in the parking lot, retrieving the items listed on the receipt, and attempting to get a "refund" for the items. When Anderson witnessed Pipes picking up the receipt, he radioed another loss-prevention officer and directed them to follow her through the store. A few minutes later, appellant exited his Buick and went into the store. Anderson followed. With Anderson observing, appellant retrieved some items and, according to Anderson, appeared to switch the price tags on those items. Appellant then went through the self-checkout lane, paid for his items, and returned to his car. Anderson called 911.

He explained to the 911 dispatcher that appellant "switched tags on some items, so he put the cheaper barcode on top of some items and he paid for the cheaper stuff and then walked out." He also said that appellant "is in his car right now, sitting in the parking lot, waiting on his friend that's inside."

Officers Michael Christon and Jennifer Akin were dispatched to the scene. Footage from their squad car's dash camera and Officer Christon's body camera were admitted into evidence at trial. When the officers arrived, appellant was still in his car. Moments later, the officers' dash cam footage shows appellant's car leaving the parking lot. The officers quickly caught up to appellant and Officer Christon activated the squad car's lights and sirens. The dash cam footage shows appellant's car exiting the parking lot, turning right onto Coit Road, and proceeding into the right-hand lane, a few hundred feet before the intersection of Coit Road and Mapleshade Lane. At the time, the traffic light at Mapleshade was red, and several cars blocked appellant's path. But the cars in front of appellant, apparently reacting to emergency lights and sirens behind them, started moving out of the way. Appellant continued moving forward until Officer Christon commanded him to "stop the car" over the squad car's megaphone.[1] Appellant complied, and the officers handcuffed him, detained Knowles pending investigation of the suspected theft and placed him in the back of the squad car.

---

[1] The undisputed reason for the investigative stop was based upon the information of suspected theft.

Officer Christon asked appellant for identification, and Knowles produced an identification card. Knowles advised he did not have a driver's license which, was confirmed through a routine computer check. Officer Christon then asked appellant about his involvement in the theft and with Pipes. Appellant denied any knowledge of theft and said he paid for his items in full, which the receipts in his car would verify. Officer Christon asked if he could check the receipts, and appellant consented. Officer Christon went back to appellant's car and found the receipt. He confirmed that the items in the shopping bags matched the items listed on the receipt. Other officers arrived on the scene and informed Officer Christon that Pipes had been arrested for theft after attempting to flee on foot. Intending further investigation into theft allegations, Officer Christon arrested appellant for driving without a license.[2]

After appellant's arrest, a tow truck was dispatched to impound appellant's car. Officers Christon and Akin advised appellant and began an inventory search of the vehicle. In the back seat, Officer Akin found a sunglasses case, inside of which was a glass pipe, a crystalline substance, and a green substance. Officer Christon believed these to be crystal meth and marijuana. Laboratory tests later confirmed that belief.

---

[2] Given Pipes's arrest for theft, Officer Christon explained to the other officers that he intended to investigate whether appellant "actually did anything or was he just the ride."

Appellant was ultimately indicted for possession of a controlled substance, methamphetamine, in an amount of one gram or more but less than four grams. A jury found him guilty of that offense and assessed a punishment at six years' confinement. The trial court accepted the jury's findings and entered judgment accordingly. This appeal followed.

## DISCUSSION

### I.    APPELLANT'S REQUEST FOR ARTICLE 38.23 INSTRUCTION

In his first issue, appellant contends that the trial court erred in denying his request for a jury instruction under article 38.23 of the Code of Criminal Procedure, which states:

> (a) No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.
>
> In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

TEX. CODE CRIM. PROC. ANN. § 38.23(a). To be entitled to an Article 38.23 instruction, "the defendant must show that (1) an issue of historical fact was raised in front of the jury; (2) the fact was contested by affirmative evidence at trial; and (3) the fact is material to the constitutional or statutory violation that the defendant has identified as rendering the particular evidence inadmissible." *Robinson v. State*,

377 S.W.3d 712, 719 (Tex. Crim. App. 2012). A trial court must give an article 38.23(a) instruction to the jury when the evidence raises an issue of disputed fact that is material to the appellant's claim of a constitutional or statutory violation that would render the evidence inadmissible. *Madden v. State*, 242 S.W.3d 504, 509–10 (Tex. Crim. App. 2007). When the evidence does not raise a disputed fact issue, the trial court does not err by refusing to give the instruction to the jury. *Id.* at 510. The disputed fact issue must be created by "affirmative evidence." *Id.* at 513. When "the issue raised by the evidence at trial does *not* involve controverted historical facts, but only the proper application of the law to undisputed facts, that issue is properly left to the determination of the trial court." *Robinson*, 377 S.W.3d at 719–20 (emphasis in original) (dispute about whether "a driver is legally required to signal at [a particular] confluence of the roadways" is not a fact issue, but "conflicting testimony before the jury with regard to the physical character of the roadway" would be); *see also Balentine v. State*, 71 S.W.3d 763, 773 (Tex. Crim. App. 2002) ("A trial court is required to include an Article 38.23 instruction in the jury charge only if there is a factual dispute as to how the evidence was obtained.").

Here, appellant requested an Article 38.23 instruction related to the initial traffic stop. Our record sets forth the entire exchange related to the request as follows:

> [Appellant]: Your Honor, I'm going to ask for a 38.23 charge on the reason for the stop. I think that the testimony of officer -- loss

prevention officer Anderson was clear that he did not see my client take anything, did not know my client was involved with Ms. Pipes, and so the entire basis of the stop was based on false statements from [O]fficer Anderson. I believe the jury should be able to determine that issue, so I'm go [*sic*] I think to ask for a 38.23 charge based on that.

[The State]: Judge, obviously, we do not want that in the charge. The officer can have a reasonable suspicion to make that stop even if it turns out later that the information that he's relying on is inaccurate.

THE COURT: Refresh my memory about the -- the initial call to 911 was about the female leaving the store; is that right?

[Appellant]: I believe the initial call to 911 stated a number of things, Your Honor. It stated that they'd observed Mr. Knowles, that there was another -- I don't even think they said female. I think they said he was with another person who was still in the store, and that Mr. Knowles had changed the price tags, had checked out, and was now in his car.

Then there was two more calls on that same 911 call. Both of those calls, I believe, only mentioned --

THE COURT: Okay.

[Appellant]: -- Mr. Knowles.

THE COURT: Yeah. I remember that. Okay.

[Appellant]: It mentions the description of the vehicle and make, which matches what they find.

THE COURT: We'll leave the charge as it is. I'll overrule that request by the defendant.

Appellant's argument at trial challenged the legality of the initial traffic stop based upon the suspected theft. On appeal, however, appellant acknowledges that Officer Christon had "reasonable suspicion to stop and question [appellant] in the first instance." Appellant then concedes that "[g]iven that [appellant] was driving without

a valid Texas driver's license, there is likewise no apparent question that Officer Christon had probable cause for an initial arrest." Appellant's first issue contests the legality of the inventory search of his vehicle. The State argues that appellant's current grounds for the instruction was not properly preserved. We agree with the State.

A timely, specific objection and ruling by the trial court, or refusal to rule, is generally required in order to preserve a complaint for appellate review. *See* TEX. R. APP. P. 33.1 (a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). "The two main purposes of requiring a specific objection are to inform the trial judge of the basis of the objection so that he has an opportunity to rule on it and to allow opposing counsel to remedy the error." *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012). To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context. *See* TEX. R. APP. P. 33.1(a)(1). The party's complaint in the trial court must comport with its complaint on appeal. *Clark*, 365 S.W.3d at 339; *see also, e.g.*, *Swain v. State*, 181 S.W.3d 359, 367 (Tex. Crim. App. 2005) (en banc) (error not preserved where appellant's trial objection on grounds that offered evidence was fruit of illegal arrest did not comport with his complaint on appeal that the evidence was fruit of violation of his right to counsel). If an issue has not been preserved for appeal, nothing is

presented for appellate review, and we should not address it. *Clark*, 365 S.W.3d at 339; *see also Sterling v. State*, 800 S.W.2d 513, 521 (Tex. Crim. App. 1990) ("Generally, error must be presented at trial with a timely and specific objection, and any objection at trial which differs from the complaint on appeal preserves nothing for review.").

Here, appellant made no request for an Article 38.23 instruction related to the legality of the inventory search in the trial court. And on appeal, appellant makes no argument related to, and in fact concedes, the legality of both the initial traffic stop and his arrest. As appellant's appellate argument does not comport with his argument in the trial court, we conclude that appellant's first issue is not preserved for appeal.

We overrule appellant's first issue.

## II.   TESTIMONY REGARDING APPELLANT'S POST-ARREST SILENCE

In his second issue, appellant contends that the trial court erred in overruling his objection to—and denying his motion for mistrial as a result of—a question by the State that drew attention to appellant's post-arrest silence. Appellant argues that the improper reference to his silence violated his Texas and federal constitutional rights against self-incrimination. The State responds that appellant failed to preserve this issue for appeal and alternatively that appellant was not harmed. We do not address the State's error-preservation argument because we agree that, even if the

trial court erred in overruling appellant's objection, appellant was not harmed as a result.

"When a prosecutorial remark impinges upon an appellant's privilege against self-incrimination under the constitution of Texas or of the United States, it is error of constitutional magnitude." *Snowden v. State*, 353 S.W.3d 815, 818 (Tex. Crim. App. 2011). Similarly, a comment on a defendant's post-arrest silence violates the prohibition against self-incrimination because it is akin to a comment on a failure to testify and raises an inference of guilt arising from the invocation of a constitutional right. *See Dinkins v. State*, 894 S.W.2d 330, 356 (Tex. Crim. App. 1995). Because the error affects appellant's constitutional rights, we analyze harm in this case under Texas Rule of Appellate Procedure 44.2(a). *See Snowden*, 353 S.W.3d at 821–22. Rule 44.2(a) requires reversal in cases involving constitutional error "unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment." TEX. R. APP. P. 44.2(a).

Although error is not harmless "simply because the reviewing court is confident that the result the jury reached was objectively correct," the presence of "overwhelming evidence of guilt is a factor to be considered." *Friend v. State*, 473 S.W.3d 470, 482 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd) (quoting *Snowden*, 353 S.W.3d at 819; *Motilla v. State*, 78 S.W.3d 352, 357 (Tex. Crim. App. 2002)). Other non-exclusive factors that we may consider include the nature of the

error, whether the error was emphasized by the State, the probable implications of the error, and the weight the jury would likely have assigned to the error in the course of its deliberations. *Id.* (citing *Snowden*, 353 S.W.3d at 822). These factors are not exclusive and other considerations may logically inform our constitutional harm analysis. *See Snowden*, 353 S.W.3d at 822. "At bottom, an analysis for whether a particular constitutional error is harmless should take into account any and every circumstance apparent in the record that logically informs an appellate determination whether 'beyond a reasonable doubt [that particular] error did not contribute to the conviction or punishment.'" *Id.* (quoting TEX. R. APP. P. 44.2(a)). Constitutional error does not contribute to the conviction or punishment if the conviction and punishment would have been the same even if the erroneous evidence had not been admitted. *See Clay v. State*, 240 S.W.3d 895, 904–05 (Tex. Crim. App. 2007).

Here, the State offered footage from Officer Christon's body camera into evidence. Appellant did not object, and it was admitted. The footage contains both audio and video, but certain segments of the audio were omitted pursuant to a pre-trial agreement of the parties. The segment of the footage relevant for our purposes occurs after officers had already conducted the inventory search of appellant's car and discovered drugs. It depicts Officer Christon stating the following to appellant, who is shown handcuffed and in the back seat of Officer Christon's police car:

> Alright. You were the only one in the car. During the inventory search
> we found meth -- crystal meth, marijuana, and a pipe. You were the

only one in the vehicle, so, you bought it. That's what you're goin' -- that, and no driver's license.

The footage shows appellant remaining silent. Later in the State's questioning of

Officer Christon, the following exchange took place:

Q. Lastly, Officer, as we just watched, the last thing we saw here on the body cam is when you actually told the defendant that he was being charged with methamphetamine; is that right?

A. Correct.

Q. And what was his response? Can you --

[Appellant]: Objection, Your Honor.

[The State]: Judge, this evidence is already into evidence and the defense didn't object. We offered this into evidence. He didn't object. So these are defendant's statements or lack thereof statements.

[Appellant]: It's a violation of Fifth Amendment right, Your Honor. He was under arrest at the time.

[The State]: Judge, the jury just saw what I'm asking the officer what the defendant did or didn't do.

THE COURT: Can I see counsel up here, please.

(Bench conference off the record)[3]

Q. (BY [the State]) Officer Christon, when you told the defendant what he was being charged with, did he give a response?

A. He did not.

---

[3] When objections and rulings are made during a sidebar conference that is conducted off the record, nothing is preserved for review. *Wallace v. State*, 822 S.W.2d 290, 293 (Tex. App.—Houston [1st Dist.] 1991, pet. ref'd); *see also, Thomas v. State*, No. 05-12-01187-CR, 2014 WL 117421, at *2 (Tex. App.—Dallas Jan. 13, 2014, pet. ref'd) (mem. op., not designated for publication).

Appellant renewed his objection the following morning. The trial court overruled the objection, explaining:

> I'm going to stay with my previous ruling; although, these cases do say with that proposition that you cannot question someone about their silence. We have different circumstances in that the video has been admitted and the officer was questioned on cross-examination about the cooperativeness of the defendant. So I think the factors -- we have a different little situation here so I'll stick with my finding.[4]

Applying the factors, we conclude any error in overruling appellant's objection was harmless.[5] First, the nature of the alleged error is the erroneous admission of evidence. *See Snowden*, 353 S.W.3d at 822 (listing "erroneous admission or exclusion of evidence" as an example of the nature-of-the-error factor). As the trial court observed, appellant's post-arrest silence was already admitted— over no objection by appellant—through Officer Christon's body cam footage. Any harm that arose as a result of admitting Officer Christon's testimony about

---

[4] After this ruling, appellant's counsel stated "Your Honor, just for the record, I'm also objecting under the Texas Constitution Article 1, Section 10 -- in case it wasn't clear yesterday during our -- during my objections. I know we had the sidebar conference and then we had a hearing outside the presence of the jury afterwards objecting to the Fifth Amendment of the U.S. Constitution, as well as Article 1, Section 10 of the Texas Constitution." The court overruled the objection. "The Fifth Amendment of the federal constitution protects post-arrest silence made only after Miranda warnings have been given[,]" whereas Article I, section 10 of the Texas Constitution "protects a defendant's post-arrest silence even before such warnings have been administered." *Heidelberg v. State*, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004). Here, there is no dispute that the complained-of silence occurred after appellant's arrest but before he was given his Miranda warnings. Therefore, any reference to that silence would implicate his rights under the Texas Constitution, but not his rights under the Fifth Amendment. *See id.* Accordingly, the trial court properly overruled appellant's objections under the Fifth Amendment.

[5] Without specific objections relative to his Article I, section 10 constitutional protections, we may find appellant failed to preserve error. However, even assuming an error occurred, and the objection was not waived, we conclude the same to be harmless.

appellant's post-arrest silence was thus negligible. *See Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003) ("An error in the admission of evidence is cured where the same evidence comes in elsewhere without objection."); *see also, e.g.*, *Sanders v. State*, 422 S.W.3d 809, 817–18 (Tex. App.—Fort Worth 2014, pet. ref'd) (harmless constitutional error from the admission of evidence in violation of the Confrontation Clause given the unobjected-to admission of evidence establishing the same facts as the inadmissible evidence); *United States v. Moore*, 104 F.3d 377, 346–47 (D.C. Cir. 1997) (harmless error resulted from prosecutor's comment on the defendant's post-arrest silence because evidence of the defendant's silence was admitted without objection and the evidence of guilt was overwhelming). Furthermore, Officer Christon's reference to appellant's post-arrest silence was isolated—the State did not refer to it again either in witness examination or closing argument. Thus, the risk that the jury inferred appellant's guilt from Officer Christon's comment was low. *See Thompson v. State*, 426 S.W.3d 206, 212 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd) (isolated comment about defendant's failure to testify was harmless).

Finally, the evidence of appellant's guilt was substantial, if not overwhelming. To prove the requisite intent to possess, the State must show that the defendant (1) exercised control, management, or care over the substance in question; and (2) knew it was contraband. *Tate v. State*, 500 S.W.3d 410, 413 (Tex. Crim. App.

–14–

2016). Although a defendant's mere presence is insufficient to establish possession, a factfinder may infer knowing or intentional possession if there are sufficient independent facts and circumstances justifying such an inference. *Id.* at 413–14. In *Tate*, the court of criminal appeals summarized a list of non-exclusive factors that may indicate a link connecting a defendant to the knowing possession of contraband:

> (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the narcotic; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt.

*Id.* at 414. The number of factors present in a given case is less important than the "logical force" or degree to which the factors, alone or in combination, tend to affirmatively link the accused to the contraband. *Evans v. State*, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006).

Here, appellant was the only person in his car when he was pulled over, and the car was registered in his name. When police arrived at Wal-Mart, appellant

attempted to flee.[6] In the pursuit that followed, Officer Christon observed appellant reaching into the back seat of his car. Officers discovered methamphetamines along with a pipe and marijuana concealed inside a sunglass case on the floorboard of appellant's car.[7] The drugs were near the shopping bags that appellant had placed there after leaving the store. After officers arrested appellant, they found approximately $700 in cash on his person.

On this record, we conclude beyond a reasonable doubt that the admission of Officer Christon's testimony referring to appellant's post-arrest silence did not contribute to appellant's conviction.

### III. SUFFICIENCY OF THE EVIDENCE OF POSSESSION

In his final issue, appellant contends that the evidence was factually insufficient to support his conviction. Specifically, appellant argues that the evidence was too weak to establish that (1) he exercised actual care, control, management, or custody of contraband; and (2) he was aware of the nature of the contraband. The

---

[6] Appellant disputes that the evidence shows him fleeing. The record through unobjected-to dash cam video and testimony provided the jury with evidence of affirmative link factors. Appellant drove to Wal-Mart with Pipes in the passenger seat. They entered the store separately and came out separately. Appellant exited first and was sitting in his car when Anderson called 911. When police arrived on the scene appellant began to drive away. On these facts, the jury could reasonably infer that appellant was waiting for Pipes to exit and decided to flee when police arrived.

[7] Appellant's defensive theory was that the drugs belonged to Pipes. But, as the State pointed out during closing argument, Pipes was arrested with marijuana in her purse. Thus, in order for the jury to conclude that the drugs in the sunglass case belonged to Pipes, it would have had to believe that Pipes divided her drugs into two separate containers and took one container into the store while leaving the other behind in appellant's car. The jury could reasonably reject appellant's defensive theory and infer that the drugs in appellant's car belonged to him and not Pipes.

State argues that appellant's conviction was sufficient under the legal-sufficiency standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979). We decline to address this issue and conclude that appellant has waived his sufficiency challenge because the only ground on which he challenges his conviction—factual sufficiency—has been abolished in Texas.[8] *See Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010).

Prior to *Brooks*, Texas courts recognized both factual- and legal-sufficiency standards in reviewing criminal convictions. *See id.* at 899–902 (summarizing the history and development of the factual-sufficiency standard). By the time *Brooks* was decided, however, the factual-sufficiency standard had become "indistinguishable from the *Jackson v. Virginia* legal-sufficiency standard." *Id.* at 902. Because there was no longer any meaningful difference between the two, the *Brooks* court abolished the factual-sufficiency standard.[9] *See id.* at 911; *see also Butcher v. State*, 454 S.W.3d 13, 20 (Tex. Crim. App. 2015) (explaining that *Brooks* "abolished the factual-sufficiency review as it applies to criminal convictions). Texas now recognizes "only one standard" in evaluating whether the evidence is

---

[8] Even if we were to consider appellant's factual-sufficiency challenge, we would reject it. As we stated above, the evidence supporting appellant's guilt of possession was overwhelming and therefore more than sufficient to support his conviction.

[9] The factual-sufficiency standard was abolished only for evaluating the evidence supporting the elements of an offense that the State must prove beyond a reasonable doubt. It is still available to challenge the jury's adverse finding as to the elements of an affirmative defense on which the defendant has the burden of proof. *See Matlock v. State*, 392 S.W.3d 662, 667 (Tex. Crim. App. 2013).

sufficient to support a criminal conviction beyond a reasonable doubt: the *Jackson v. Virginia* legal-sufficiency standard. *See Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013).[10]

Before *Brooks*, when an appellant challenged only the factual sufficiency of the evidence supporting his conviction, we "assume[d] the evidence [was] legally sufficient." *See Taylor v. State*, No. 05-01-00197-CR, 2003 WL 22449157, at *2 (Tex. App.—Dallas Oct. 29, 2003, no pet.) (mem. op., not designated for publication) (citing *Scott v. State*, 934 S.W.2d 396, 400 (Tex. App.—Dallas 1996, no pet.)). After it issued the *Brooks* opinion, the court of criminal appeals reversed and remanded several cases that had been decided under the factual-sufficiency standard. Among these was *White v. State*, in which the appellant raised only a factual-sufficiency challenge. *See* No. 05-08-00241-CR, 2010 WL 1839909, at *1, n.1 (Tex. App.—Dallas May 10, 2010) (mem. op., not designated for publication) *rev'd by White v. State*, No. PD-1531-10, 2011 WL 199005 (Tex. Crim. App. Jan. 12, 2011). On remand, the State argued that appellant had waived his legal-sufficiency challenge because he failed to raise it in his original brief. *See White v. State*, No. 05-08-00241-CR, 2011 WL 5925138, at *2 (Tex. App.—Dallas Nov. 22, 2011, pet. ref'd) (opinion on remand) (mem. op., not designated for publication). We

---

[10] The State in its brief recognizes that the only standard is the legal sufficiency standard and proceeds to assert that the evidence is legally sufficient. Based upon legal precedent in the higher court and this Court, we decline to conduct the analysis for appellant when it was not put before us.

rejected the State's argument "given the court of criminal appeals' conclusion that there [was] 'no meaningful distinction" between the two standards. *See id.* (quoting *Brooks*, 323 S.W.3d at 902). Because the appellant had filed his original brief before *Brooks* was decided, we declined to hold that the appellant had waived his legal-sufficiency challenge.

The same month as we issued our opinion on remand in *White*, we decided *Ellison v. State*, another case in which the appellant had raised only a factual-sufficiency challenge. *See* No. 05-10-01009-CR, 2011 WL 6318228, at *1 (Tex. App.—Dallas Dec. 19, 2011, no pet.). Unlike *White*, the appellant in *Ellison* filed his opening brief two months after *Brooks*. *See id.* at *2, n.1. We concluded that the appellant "waived any error as to legal sufficiency." *See id.* We nevertheless construed his factual-sufficiency challenge as a legal-sufficiency challenge "[g]iven the closeness in time" between the *Brooks* decision and the filing of the appellant's brief. Since *Ellison*, however, we have consistently declined to address factual-sufficiency challenges to the evidence supporting a defendant's conviction.[11]

---

[11] *See, e.g.*, *Gonzales v. State*, No. 05-19-00719-CR, 2020 WL 1672554, at *4 (Tex. App.—Dallas Apr. 6, 2020, no pet.) (mem. op., not designated for publication) ("Review of the factual sufficiency of the evidence is not appropriate [in light of *Brooks*]."); *Lambeth v. State*, No. 05-12-01516-CR, 2014 WL 3401119, at *2 (Tex. App.—Dallas July 10, 2014, no pet.) (mem. op., not designated for publication) ("Rather than employ separate legal and factual sufficiency standards when reviewing sufficiency complaints in criminal cases, appellate courts now employ only the legal sufficiency standard."); *Bell v. State*, 326 S.W.3d 716, 720 (Tex. App.—Dallas 2010, pet. ref'd, untimely filed) (considering only legal-sufficiency where appellant raised both factual- and legal-sufficiency challenges).

Here, appellant's third issue is "whether factually sufficient evidence existed to support [appellant's] conviction of a controlled substance where the State's only basis for the possession conviction was baseless speculation coupled with blatantly inadequate investigation." In addressing the standard of review, appellant quotes language from pre-*Brooks* factual-sufficiency cases that have now been abrogated. *See, e.g.*, *Paredez v. State*, No. 08-08-00031-CR, 2010 WL 1230663, at *2 (Tex. App.—El Paso Mar. 31, 2010, no pet.) (mem. op., not designated for publication) ("A court finds evidence to be factually insufficient in two ways: (1) the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment, weighing all evidence, the contrary evidence is so strong that the prosecution cannot prove defendant's guilt beyond a reasonable doubt."). And in summarizing his argument, appellant concludes that "the evidence was so weak that it cannot be said beyond a reasonable doubt that [appellant] possessed the controlled substances found in the back seat of his vehicle."

In sum, appellant raises only a factual-sufficiency challenge and does not contend that the evidence was legally insufficient to support his conviction. As we did in *Ellison*, we conclude that appellant has waived his sufficiency challenge for appeal. Unlike *Ellison*, however, we decline to construe appellant's factual-

sufficiency challenge as a legal-sufficiency challenge, as it has been over ten years since the court of criminal appeals abolished the factual-sufficiency standard for criminal convictions.

We overrule appellant's third issue.

## CONCLUSION

We conclude that: (1) appellant's request for an Article 38.23 instruction was not preserved; (2) any error in overruling appellant's objection to testimony related to his post-arrest silence was harmless; and (3) appellant waived his challenge to the sufficiency of the evidence supporting his conviction. We affirm the trial court's judgment.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

Do Not Publish
Tex. R. App. P. 47.2(b)
200410F.U05

–21–



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

MARK JARED KNOWLES,
Appellant

No. 05-20-00410-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 416-83651-
2019.
Opinion delivered by Justice
Goldstein. Justices Molberg and
Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered August 29, 2022